C. LIVINGSTON, and others *against* P. J. LIVINGSTON.

To a bill by several tenants in common of an estate in *Jamaica*, against their co-tenant, for an account of the profits, &c. it is not sufficient for the defendant to plead that the title to the estate may be brought in question, and suggesting that he has an exclusive title to the whole, and ought not, therefore, to be sued in this court. The defendant ought to set forth his title affirmatively, that the court may determine whether the suit ought to be stayed, until the title is established at law.

IN 1772, *Henry Livingston*, of the island of *Jamaica*, devised an estate in that island to his four nephews, *Philip L.*, *P. P. L.*, *Walter L.*, and the defendant, in fee, as tenants in common. The testator died in *February*, 1772, having appointed the four devisees his executors. *P. P. L.* proved the will, and managed the estate for the proprietors, until his death, in 1789, having, however, previously disposed of his share of the estate to *Robert C. Livingston*, in fee.

After the death of *P. P. L.*, the defendant took upon himself the management of the estate, and appointed agents to superintend it, and to receive the profits ; and the pro-

portions of the nett profits were, for several years, regularly received by the proprietors. *R. C. L.* died in 1794; *Walter L.* in 1798, and *Philip L.* in 1809, leaving the defendant the sole surviving devisee and executor. Since the death of *Philip L.*, the defendant has prevented the plaintiffs, who are the legal representatives of the other three tenants in common, from receiving their respective shares of the profits of the estate, and has refused to exhibit any account thereof, pretending that he is entitled to the whole estate.

The bill was filed, to compel him to render an account, and to pay to the plaintiffs their several proportions of the proceeds of the estate, and for general relief, &c.

The defendant, without answering the bill, pleaded, that inasmuch as the title to the estate may be involved in the controversy, and which can only be tried by the laws of *Jamaica*, he ought not to be sued in this court for the matters set forth in the bill, and submitted whether he was bound to answer it.

*Robinson,* for the plaintiffs.

*T. A. Emmet,* for the defendant, contended, that the plaintiffs must first establish their title at law, before they applied to this court. He cited 1 *Atk.* 525. 543. 1 *Vesey,* 232. 234. 446. 3 *Vesey,* 352. 1 *Amb.* 428. 1 *Madd. Ch.* 74.

*Harison,* in reply, said, that the defendant having entered as tenant in common, was concluded from setting up a pretended claim to the whole estate; for it could be nothing but a pretence. He ought to answer and set forth the nature of his exclusive title, and what the laws of *Jamaica* are. (*Penn* v. *Baltimore*, 1 *Vesey,* 444.)

THE CHANCELLOR. This case is not brought within the principle contended for by the defendant's counsel. The

bill charges that the plaintiffs are seised in fee of their respective shares of the estate in the island of *Jamaica*, and that they have, until lately, received their proportion of the income of the estate, which has been for a long time under the management of the defendant, and that he now neglects or refuses to account, under some pretence of right or title to the whole estate. The mere suggestion of such pretence is not sufficient to defeat the plaintiffs' right to an account. If the defendant has any title, in exclusion of the plaintiffs, he must set it forth affirmatively, and it will then be in time to discuss the question, whether the suit ought to stay, until the title is established by the local tribunals in the island of *Jamaica*. The bill avers a seizin in fee by the plaintiffs, as tenants in common, and that the exclusive title set up by the defendant in conversation, is mere pretence; and so I shall intend it to be, until the title is shown to this court.

Plea overruled. (a)

(a) *Vide M'Intyre* v. *Mancius*, ante, page 40.