THE BRANCH BANK AT MOBILE v. TAYLOR, ET AL.

1. Where an order is made, requiring the complainant to join another as a defendant to his bill, if he acquiesces in the order and amends his bill, he cannot on error, insist upon the requisition as a ground for the reversal of the decree, which, upon the hearing, may be rendered against him.

2. Where a bill is filed for the foreclosure of a mortgage of personal estate, to which the mortgagor, and a third person who has possession of the mortgaged property, are parties, if the mortgagor admits the execution of the mortgage, and the justness of the debt intended to be secured, the bill should not be dismissed, though the party in possession denies that he holds in subordination to the mortgagor, and asserts an independent legal title. In such case, perhaps, an issue should be directed to try the validity of the title set up, or proceedings should be stayed until the complainant shows its insufficiency in an action to recover the possession, or it may be that a decree of foreclosure should be rendered, and its execution by sale, postponed until the complainant recovers its possession.

Writ of Error to the Court of Chancery sitting at Mobile.

THE plaintiff in error filed a bill for the foreclosure of a mortgage, and the sale of certain slaves, which the defendant, Taylor, had conveyed to it for the security of a debt. The mortgagor answered, that previous to the filing of the bill, the slaves therein specified were taken by M. J. McRae, "as his property, and that defendant had relinquished to him all his right or interest in them, and that he has had neither possession or control of them since the filing of the bill, nor for some time previous." He answered further, admitting all

the allegations of the bill, and submitting to such decree as the court may make.

An order was thereupon made by the chancellor, in December, 1845, that unless the complainant made McRae a party, on or before the then next term, the bill be dismissed. McRae was accordingly made a party by an amendment, and appeared and answered, that in the year 1842, he intermarried with Mary Ann Taylor, and shortly after his marriage received as her estate the slave Esther, embraced in the mortgage, and her children, previous to the filing of the bill in this cause. These slaves were not the property of the mortgagor when the mortgage was executed; but were then and have been ever since, the property of this defendant's wife. *Further*, before the filing of this bill, the other slaves mentioned in the mortgage, were in defendant's possession; that at the date of the mortgage, and ever since, they were, and have been, the property of the children of his co-defendant, Taylor, under a gift from the late Hon. William Smith, of Huntsville; and consequently the mortgagor had no interest to convey.

The children of Wm. Taylor, are the defendant's wife, John M. Taylor, and Octavia Taylor; the latter of whom is under the age of twenty-one years. This defendant insists, that he holds the slaves by a title adverse and paramount to the mortgage, and that the supposed lien of the complainant cannot be enforced. There is embraced in this answer, a demurrer to the bill for want of equity.

The cause was heard upon the bill, answers, and replication. The chancellor was of opinion that the replication made it incumbent upon the defendants to prove the right to the slaves to be in the children of Taylor; but the denial that the mortgagor had any title that could be subject to a mortgage, threw the burden of proof on the complainant: *Further*, that the complainant had failed to show that Taylor had any title, and consequently it was adjudged that the bill be dismissed with costs.

LESSESNE, for the plaintiff in error, insisted—1. That the decretal order requiring McRae to be made a defendant, was irregular. [Calvert on Par. in Eq. 116, 135; 2 Sergt. & R.

Branch Bank at Mobile v. Taylor, et al.

Rep. 361; Story's Eq. Pl. 177-8, and note 2 ; 5 Ala. Rep. 173.] 2. McRae's answer set up matter in avoidance—was no evidence in itself, but should have been sustained by proof. [6 Yerg. Rep. 108 ; 2 Ala. Rep. 215 ; Smith's Ch. Prac. 339, 340.] 3. Taylor's possession at the time the mortgage was executed, is not denied by himself or his co-defendant, but is impliedly admitted. This possession gave a presumptive title, and the *onus* lies on the party setting up an adverse title to prove it. [Sim. & Stu. Rep. 155.] 4. But even if the answer of McRae is to be taken as evidence in his favor, there is no reason shown why the complainant should not have a decree against Taylor.

J. A. CAMPBELL, for the defendant, McRae, insisted, that the amendment of the bill brought a necessary party before the court, and unless he had been joined, no effective decree could be rendered for the complainant. [1 Green's Ch. R. 104, 405 ; 2 Ala. Rep. 331 ; 5 Id. 158.]

If McRae came in under an adverse title, even subsequent to the execution of the mortgage, the remedy of the mortgagee is at law. But conceding, that for the purpose of expediting litigation, equity would take jurisdiction of the legal title, yet as McRae was in possession, the complainant should have shown a *prima facie* title in the mortgagor. The production of the notes and mortgage established nothing in respect to the mortgagor.

The answer of McRae denies that Taylor ever had a title to the slaves, and throws upon the complainant the *onus* of disproving the denial to the same extent that the general issue would impose upon the plaintiff the burthen of proof in an action of *detinue*. It will not be pretended that the answer of Taylor is evidence against McRae, as the latter does not come into possession in privity with the mortgagor, but under a title which he affirms is paramount and independent ; and the answer of McRae is uncontradicted by any proof.

As the complainant amended the bill, it cannot object that the order requiring it was irregular. [1 Stew. Rep. 425; 3 Id. 444, 448.]

COLLIER, C. J.—We need not consider whether McRae was a proper, or necessary party, as the complainant acquiesced in the order which required it, by amending his bill. If the requisition was improper, an application should have been made to vacate it, by *mandamus*, or in some other appropriate mode. Conceding, however, that the order was irregular, it could not have entered into the final decree, so as injuriously to affect the complainant. Whether he was an indispensable party or not, (a point upon which we express no opinion,) it must be conceded that he was not an improper party.

The bill, with its amendment, substantially alledges, that Taylor executed a mortgage on certain slaves for the security of a debt due by promissory notes to the complainant, and exhibits the notes; from all which it appears, if the debt is unpaid as alledged, the mortgage is forfeited : *Further*, that McRae claims some interest in these slaves, in subordination to the mortgage; and hence he is made a defendant.

It is then affirmed by the complainant, that the defendant, Taylor, was indebted as expressed in the mortgage, that this debt is due and unpaid, and that the mortgage is paramount to any claim which McRae has to the slaves in question.

Without stopping to inquire whether the fact of Taylor's possession, at the time he executed the mortgage, is shown by the record, or whether the answer of McRae is a denial of the equity of the bill, so far as it respects the interests he represents, we think a dismissal of the bill generally, was improper. Taylor admitted the indebtedness, and execution of the mortgage, as charged, and submitted to such decree as the court might make ; stating, however, that previous to the filing of the bill, the slaves in question were taken by McRae, " as his property, and that defendant had relinquished to him all his right, or interest in them, and that he has had neither possession or control of them since the filing of the bill, nor for some time previous."

Where land is conveyed by way of mortgage, it has been supposed that it was allowable for the mortgagee to proceed against the mortgagor, so as to make his security available, without making either a prior or subsequent incumbrancer a party ; that the rights of the former are paramount, and those

of the latter will not be concluded, unless he is brought before the court. [See Cullum et al. v. Batre's Ex. 2 Ala. R. 420; Judson v. Emanuel et al. 1 Id. 598.] And this although a sale may follow a decree of foreclosure. But in the case of personal estate, in order to consummate a sale, the possession would necessarily be changed, and this makes it necessary, where a third person is in possession, under a claim of right, that his title should be passed upon before the sale takes place. Where, however, the decree operates on land, upon the report of the sale having been made, the court may make such order in respect to the possession as is proper, or may leave the purchaser to his action at law.

In the case at bar, the complainant's debt, as well as the execution of the mortgage was admitted. Here then, was a just ground of complaint as to Taylor, the mortgagor, and the question is, whether the legal title which McRae set up was subversive of the entire suit. The analogies furnished by the law, where real estate is the subject of litigation, would seem rather to indicate that an issue should be directed to try the validity of the independent title, or it may be that proceedings should be stayed until the complainant had shewn its insufficiency to defeat the mortgage in an action brought to recover the possession of the slaves; or, perhaps, a decree of foreclosure might be rendered, and its execution by sale postponed, until the complainant recovered the possession of McRae. [See Norton v. Frecker, 1 Atk. R. 525; Sayer v. Pierce, 1 Ves. Rep. 232; Livingston v. Livingston, 3 Johns. Ch. Rep. 51.] Whether the title asserted by McRae should be met and adjudicated in the one form or the other, we are satisfied that the bill should not have been dismissed *in toto*. The mortgage would have estopped Taylor had he attempted it, from asserting the invalidity of his title to the slaves—the answer of McRae, whatever be its effect in his favor, cannot prejudice the complainant's right to a decree against the mortgagor.

This view sufficiently indicates that the decree of the court of chancery is erroneous, and points out the course of procedure by which the rights of all parties may be adjusted. The decree is reversed and the cause remanded. Taylor will be taxed with the costs of this court, or upon a return of "no

property found" upon an execution issued against his estate, each of the other parties will be charged with an equal portion of the costs.