*G. W. Spahr, H. Dailey, J. Hanna* and *F. Knefler,* for appellees.

———●———

## TRITTIPO *v.* EDWARDS.

Mortgage of Personal Property.—*Foreclosure.*—*Parties.*—Where A. executed a mortgage on certain personal property to B., the mortgagor to remain in possession by the terms of the instrument until delivery of the property was demanded by B., and the mortgage was duly recorded within ten days af-

ter its execution, and afterwards part of the property was sold and delivered to C. by the mortgagor, and the mortgagee subsequently demanded possession of the property from A., and on his refusal to deliver the same, demanded from C. a delivery of the property purchased by him;

*Held,* that C. was a proper party defendant to a suit to foreclose the mortgage.

APPEAL from the Hamilton Common Pleas.

DOWNEY, C. J.—James J. Trittipo executed a mortgage of personal property to Samuel Trittipo, the appellant; the mortgagor, by the terms of the mortgage, being entitled to retain the possession of the property until it should be demanded by the mortgagee. While the property was in his possession under this stipulation in the mortgage, the mortgagor sold two mules, part of the property mentioned in the mortgage, to the appellee, Edwards. When the mortgagee demanded possession of the property from the mortgagor, he refused to deliver it; and when he demanded possession of the two mules of Edwards, he refused to deliver them. He then brought this action against the mortgagor and Edwards, setting up the debt due him, to secure which the mortgage was executed, alleging the facts aforesaid, and praying judgment against the mortgagor for twenty-two hundred dollars, and against Edwards for two hundred dollars, the foreclosure of the mortgage and sale of the mortgaged property, or so much thereof as might be necessary to pay his debt, and for other relief. The mortgage was duly recorded within ten days after its execution.

At the first term of the court after the action was commenced, judgment, by default, was rendered against Andrew J. Trittipo for the amount of the mortgage debt, and for the sale of the mortgaged property, including the mules purchased by Edwards.

At a subsequent term of the court, Edwards demurred to the complaint, on the grounds that it did not state facts sufficient, that there was a misjoinder of causes of action, and a misjoinder of parties defendants. This demurrer was sustained, the plaintiff excepted, and final judgment was rendered for the said Edwards.

The sustaining of this demurrer is the only error assigned.

Conceding, without deciding, that no judgment for the value of the two mules could be rendered against Edwards in this action, still we think he was rightly made a party to the action, for the reason that he was the owner of the mules. subject to the mortgage, and having the possession of them, it was necessary that he should be made a party in order to foreclose his equity of redemption, and subject the property in his hands to sale.

In *The Branch Bank at Mobile* v. *Taylor*, 10 Ala. 67, which was a bill to foreclose a chattel mortgage, the court say: "In the case of personal estate, in order to consummate a sale, the possession would necessarily be changed, and this makes it necessary, where a third person is in possession, under a claim of right, that his title should be passed upon before the sale takes place." See *Singleton* v. *Gayle*, 8 Port. 270; *Woodward* v. *Wilcox*, 27 Ind. 207.

It seems that the court might, after an adjudication of the right of the vendee of the mortgagor, and when his right has been found to be subject to the mortgage, make and enforce an order against him for the delivery of the property to the proper officer, to be sold. See *Ragsdale* v. *The Commonwealth*, and *The Commonwealth* v. *Ragsdale*, 2 Hen. & Munf. 8.

Certainly, after it had been settled that the property was liable to sale to pay the mortgage, if the vendee of the mortgagor should convert the property, or should before have converted it to his own use, he would be liable to an action therefor at the suit of the mortgagee. *White* v. *Phelps*, 12 N. H. 382.

The judgment is reversed, with costs, and the cause remanded.

*D. Moss* and *F. M. Trissal*, for appellant.

*T. J. Kain* and *A. F. Shirts*, for appellee.