**WILSON v. WILSON et al.   (No. 8271.)**

Court of Civil Appeals of Texas.   San Antonio.
Nov. 6, 1929.

Rehearing Denied Dec. 11, 1929.

E. A. Camp, of Rockdale, and Kleberg & North, of Corpus Christie, for appellant.

E. B. Ward, of Corpus Christie, for appellees.

COBBS, J. This suit was filed in the district court of Nueces county by appellant, J. B. Wilson, against appellees, N. A. Wilson et al., to recover on a note secured by a chattel mortgage on certain personal property and to foreclose the lien thereon. Appellant recovered judgment. On July 20, 1925, appellant secured his judgment against N. A. Wilson for $— with foreclosure of his lien and dismissed as to R. L. Garrett and Mrs. Minnie L. Garrett, the surviving wife of R. L. Garrett, who was made a party in lieu of R. L. Garrett. It is alleged in this suit that J. E. Garrett, R. L. Garrett, and Charley Cook, on or about February 1, 1925, unlawfully, knowingly, and willfully took possession of the mortgaged live stock and plaintiff states that he was unable to state definitely when and where the conversion by each of the defendants was consummated, but charges it was on or about February 1, 1925, in both Williamson and Nueces counties.

The court sustained exceptions to the petition, and, appellant refusing to amend, the cause was dismissed by the court. N. A. Wilson was dismissed from this suit upon appellant's motion on the 13th day of February, leaving only those who converted the property parties to the suit.

The first proposition of appellee is that the court did not err in dismissing said suit because appellees were parties to the suit in Milam county, where the personal judgment against N. A. Wilson was secured, and plaintiff dismissed the suit against them and elected to take a personal judgment against N. A. Wilson and foreclose his lien on the property. It was an election on the part of appellant, and he cannot therefore recover herein.

We cannot see upon what principle in law and in equity such a course would estop the appellant from pursuing his remedy to foreclose his lien upon the property in the hands of and converted by appellees.

If these defendants meddled with and undertook to hold this mortgaged property against appellant's claim, they subjected themselves to be proceeded against as wrongdoers. Appellants had two remedies—either to foreclose the lien upon the properties in appellees' possession and have it sold in satisfaction of their judgment lien, or to require of them the payment of the debt as in cases of conversion. Templeman v. Gresham, 61 Tex. 50, from which we quote:

"The landlord's lien extended to all the property and did not depend upon its seizure under the distress warrant. The lien was given by the statute, and the seizure by distress warrant only serves to secure the property that the lien on it may be made effective. Rosenberg v. Shaper, 51 Tex. 135; Bourcier v. Edmondson, 58 Tex. 675.

"The general rule is, that all persons who claim an interest in property on which a lien is sought to be foreclosed should be made parties. Hall v. Hall, 11 Tex. 547; 2 Story's Equity, 1526; Trittipo v. Edwards, 35 Ind. 467; Jones on Chattel Mortgages, 783.

"The district court had jurisdiction of the subject matter of the suit, and, so having, had power to adjust the rights of the several parties claiming an interest in the property on which the lien existed, although the interest claimed in the property sought to be subjected to the lien may not as to some of the parties have been such as of itself to give the court jurisdiction. Peiser v. Peticolas, 50 Tex. 638 [32 Am. Rep. 621]; Peticolas v. Carpenter, 53 Tex. 27."

This case grew out of the fact that Templeman purchased cotton upon which Gresham had a landlord's lien. The cotton passed into the hands of Templeman, who concealed or disposed of it.

We do not think this case presents in the remotest degree any doctrine of estoppel or election that should defeat the collection of appellant's debt by subjecting the property to sale.

There is merit in the assignments and propositions of appellant, and they are sustained. The judgment of the trial court is reversed, and the cause remanded for trial on its merits.