HARDIN WHITE v. J. A. GRAVES, ADM'R.

See this case as to an objection by a surety, in an action to revive a judgment, that the plaintiff by his indulgence of the principal debtor, and laches in enforcing his judgment or preserving its lien, had discharged the surety.
A sufficient levy on land, without a sale, is not *prima facie* a satisfaction of the judgment, as in case of a sufficient levy on personal property.

Appeal from Washington.  Suit by the appellee, administrator of Neibling, commenced September 12th, 1853, against the appellant, to revive a judgment recovered by Neibling on the 7th May, 1845, in the District Court, against the defendant and Josiah J. Crosby, since deceased.

The facts proved were : the judgment against Crosby, and

this defendant as his surety, as alleged; execution, January 8th, 1846, levied on two hundred acres as the property of Crosby, and sold for $20; March 16th, 1846, same execution levied on thirty-six acres of land out of Andrew Miller's league of land, &c., describing metes and bounds; May 5th, 1846, sale stopped by order of the plaintiff's attorney.

Defendant proved that the sale of the thirty-six acres was stopped by plaintiff at the solicitation of Crosby.

Plaintiff proved that Nibling died in May, 1846.

The following instructions were given at the request of the plaintiff:

1st. Should the jury believe that time was given on the judgment, to either of the defendants, that fact would not release the other co-defendant; they both being bound by the judgment, neither could be released except by payment or satisfaction of the judgment.

2nd. A levy upon land is no satisfaction of the judgment, provided the land is not sold.

3rd. The postponement of a sale, upon an execution, by the plaintiff, does not release either of the defendants in execution, even if one of the defendants might have been a surety.

The defendant asked the Court to instruct the jury,

1st. That if the jury believe there was a valid levy upon thirty-six acres of land, under an execution against the defendant and Crosby, founded on the judgment here sued on, that levy was *prima facie* a satisfaction of the judgment and the plaintiff cannot recover unless he has shown the insufficiency of the levy.

2nd. That if the plaintiff by long indulgence of the defendant Crosby, permitted the execution to be held up for an unreasonable length of time, and thereby lost his lien, the present defendant, being a surety, is discharged by such unreasonable indulgence.

These instructions were refused. Verdict and judgment for plaintiff. Motion for new trial overruled.

The assignment of errors covered the giving and refusal of instructions, and the overruling motion for new trial.

*G. W. Norton,* for appellant. The point most relied on for a reversal of the judgment in this case, is the refusal of the Court to give the second charge asked by the defendant in the Court below.

Some of the authorities go to the effect that after judgment the distinction of principal and security is destroyed, but the weight of authority is clearly the reverse. (See notes to the cases of United States v. Howell, and Harris v. Brooks, 2 American Leading Cases at 319 and 320.)

Be this however as it may, the original judgment was rendered against Crosby as principal and White as surety, this is expressly shown in the judgment. The action of Neibling in stopping the sale of the thirty-six acres of land levied on under the execution was clearly a discharge of White, the surety. When, on an execution against a principal and surety, property of the principal is levied on a discharge of such levy by the plaintiff, without the consent of the surety, is a discarge of the surety. (Curan v. Colbert, 3 Kelly, 239 ; Brown v. Riggins, Id. 405, cited in the American Annual Digest, Vol. 8, p. 340 ; See also Glass v. Thompson, 9 B. Mon. 235 ; State Bank v. Edwards, 20 Ala. R. 512.)

A creditor who releases any security which he holds for the payment of his debts, thereby releases a surety *pro tanto.* (Niff's Appeal, 9 Watts and Sergeant ; Baker v. Briggs, 8 Pick. R. 122 ; Commonwealth v. Vanderslice, 8 Serg. & Rawle, 457 ; Id. 452 ; Lichtenthaler v. Thompson, 13 Id. 157.)

The Court is also referred to the notes to the case of Pain v. Packhard, and King v. Baldwin, reported in 2nd American Leading Cases, at page 263.

*J. Willie,* also, for appellant.

*J. D. & D. C. Giddings,* for appellee.   Postponing the sale at the instance of Crosby, co-defendant would not release the other, defendant.   (Walker v. Bradly, 2 Pike, R. ; Codrall v. Field, 6 Yerg. R. 305.)

A levy upon land is no satisfaction of an execution or judgment, if the land is not sold.   (Hoghshead v. Cornett, 5 Yerg. R. 227 ; Codral v. Fields, 6 Yerg. R. 305 ; Ostrander v. Walter, 2 Hill R. 329.)

The charges asked by the defendant were not law, and if they had been were irrelevant to the testimony and properly refused.

The authorities cited by appellant, in relation to the principal having funds sufficient to satisfy the debt, and when the same are surrendered or lost by his negligence, do not apply to this case.

WHEELER, J.   The ground mainly relied on for a reversal of the judgment is, the refusal of the Court to give the second instruction asked by the defendant.   But, in this, we are of opinion there was no error, for the reason that the instruction asked was not warranted by the evidence.   The proofs in the case did not, in our deductions, warrant the opinions of fact, which the instruction asked the Court to assume as proved ; that is, that the plaintiff in execution " by long indulgence of " the defendant Crosby, permitted the execution to be held up " for an unreasonable length of time," &c.   There are circumstances in the case which may very well explain any apparent laches on the part of the plaintiffs ; and one is, that the plaintiff in execution died shortly after the return of the execution. There is no proof of any special indulgence extended by the plaintiff in execution to the defendant Crosby.   The execution referred to in the statement of facts, which appears on its face not to have been the first issued, authorized a levy upon the property of either of the defendants.   It appears to have

been first levied upon two hundred acres of land as the property of Crosby, which was sold ; and the execntion, not being satisfied, was afterwards levied upon thirty six-acres of land " out of Andrew Miller's league of land, granted to him by the Mexican Government ;" but it does not appear by the levy, nor was, it otherwise in proof, whether this land was levied on as the property of Crosby or White : and there is no more ground to presume that it was the property of one than the other.   It does appear that the sale was stopped by order of the plaintiff's attorney, acting under the directions of the plaintiff ; and that this was done at the instance of Crosby. But it does not follow that it was done for the purpose of extending indulgence to Crosby, rather than White ; for it may have been White's land that was levied on, for aught that appears, if indeed it was the land of either defendant.   There is, therefore, no proof that indulgence was extended to one of the defendants in execution, rather than the other.   We deem it unnecessary to inquire whether in a different state of case, the instruction asked would have been correct in point of law.

A levy upon personal property sufficient to satisfy the exeecution, has been held, as between the debtor and creditor, a satisfaction of the debt.   (4 Cowen, 417 ; 12 Johns. R. 207 ; 4 Mass. R. 403.)   The reason given is, that by means of the levy, the debtor is deprived of his property.   But it is held otherwise of a levy upon land.   For the debtor, notwithstanding the levy, holds the title and possession, and is in the enjoyment of the profits of the land.   The title does not pass by the levy ; and there is no satisfaction until sale.   (14 Wend. R. 260 ; 1 Penn. R. 425.)   The levy, therefore, in the present case, was not a satisfaction of the judgment, if the land levied on were of value sufficient ; and there was no evidence of its value.

We are of opinion there is no error in the judgment, and it is affirmed.

Judgment affirmed.