## William H. Cundiff v. James M. Teague.

1. CONSTABLE—LEVY—EXECUTION.—Since the act of 1846, (Paschal's Dig., arts. 987, 993,) defining the office and duties of constable, and authorizing that officer to execute process throughout the county, a constable may levy an execution on land, which, though in the county, is not in the beat or precinct of which he is constable; and in so doing, it is not necessary for him to go on the land with his execution.

2. DISTINGUISHED from Leland *v.* Wilson, 34 Tex., 94.

3. PLEADING—BILL OF REVIEW.—In trespass to try title, the plaintiff claimed as purchaser at execution sale, under a judgment obtained by himself against the defendant. The defendant pleaded the want of actual notice of the proceeding under which the judgment was

obtained, (which was rendered after service by publication ;) that the claim sued on was fraudulent and unjust, (specifying in 'what,) and prayed that the judgment be vacated : *Held,* That the parties being the same in both proceedings, the averments of the answer were sufficient to support it as a bill of review ; and if properly supported by evidence, to authorize the reopening of the judgment, and the setting aside the sale of the land.

4. The rule in this State is, that a levy on land is not a satisfaction of the judgment, and that the possession of the debtor is not disturbed by the levy : the levy works no disseizin.

ERROR from Houston. Tried below before the Hon. L. W. Cooper.

*W. A. Stewart* and *Earle Adams,* for plaintiff in error.

*Nunn & Williams,* for defendant in error.

GOULD, ASSOCIATE JUSTICE.—This was an action of trespass to try title, for three hundred and twenty acres of land, in which the plaintiff Cundiff claimed, as purchaser at a constable's sale, by virtue of an execution on a judgment rendered by a justice of the peace, on December 26, 1868, in favor of Cundiff and against defendant Teague, for the sum of $40.60.

The court instructed the jury, that unless the constable went on the land with the execution, and unless the land was situated in the beat of which he was constable, the levy was void, and the plaintiff acquired no title by virtue of his purchase. As the evidence was, that the levy was made by the constable on land in a different beat from that of which he was constable, and was made without going on the land, it is evident that the verdict for the defendant may have been rendered on this ground; and that if that part of the charge which has just been stated is erroneous, the judgment cannot be maintained.

However the law may have been previously, since the act of 1846, defining the office and duties of constable, and authorizing that officer to execute process throughout the county, it is believed that a constable may levy an execution on land

which, though in the county, is not in the beat or precinct of which he is constable. (Paschal's Dig., arts. 987, 993.) The levy, which was, in the case of Leland v. Wilson, 34 Tex., 94, held invalid, because made on land not within the constable's beat, was made in 1841, and the decision was founded on the statute then in force.

The opinion in the case of Leland v. Wilson also supports the other proposition embraced in that part of the charge which we are considering, viz: that to constitute a valid levy of an execution from a justice's court, it is necessary for the officer to go on the land with his execution, it being conceded, however, that this was not necessary where the judgment was a lien upon the land. In the case of Hancock v. Henderson, (45 Tex., 479,) we had occasion to consider what were the requisites of a valid levy on land in cases of attachment, and incidentally in cases also of execution, and held that it was not essential that the officer should go upon the land. It was said in that case, that it had been the general practice in this State to make levies of attachment and execution without going upon the land; and it may be added, that the practice is believed to have been the same, whether the judgment was or was not a lien on the land before the levy. The rule in this State is, that a levy on lands is not a satisfaction of the judgment, and that the possession of the debtor is not disturbed by such levy. (Howeth v. Mills, 19 Tex., 296; White v. Graves, 15 Tex., 187.) In Massachusetts, where it is held that the defendant is disseized or ousted by a levy, duly returned and registered, and that by the delivery by the sheriff, the creditor is considered in actual possession and the judgment satisfied, it will be proved that the ruling is based on statutory provisions unlike any statutes in this State. (Howe v. Bishop, 3 Metc., 26; Gore v. Brazier, 3 Mass., 523; Ladd v. Blunt, 4 Mass., 403.) We see no good reason for requiring an execution from a justice's court, or an execution from another county, to be levied with any greater formality than in other cases of execution sales,

where the purchaser is not placed by the officer in possession of the land sold, but must resort to an action for that purpose. (4 Kent., 432, 433, 482, 484; Gassaway *v.* Hall, 3 Hill, (S. C.,) 292.)

There is another question, which should not be passed over without notice. It is claimed that the court erred in permitting the defendant to go behind the judgment of the justice's court, and to introduce evidence impeaching the justness of the account on which said judgment was rendered. It is to be observed, however, that this judgment was rendered on service by publication, and the answer of defendant set up that fact, the want of actual notice, and, in substance, that the claim sued on was fraudulent and unjust, and prayed that the judgment be vacated. The averments of the answer were sufficient to support it as a bill of review, and, if properly supported by evidence, to authorize the reopening of that judgment and the setting aside of the sale of the land in the hands of Cundiff. (Snow *v.* Hawpe, 22 Tex., 171; Edrington *v.* Allsbrooks, 21 Tex., 188; McFaddin *v.* Spencer, 18 Tex., 441; Kitchen *v.* Crawford, 13 Tex., 519; Mussina *v.* Moore, 13 Tex.; 8.) The case went to the jury without any exception to the answer, either as to its substance or form, and we are not prepared to hold that there was error in the admission of the evidence objected to.

For the error in the charge of the court, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.