## DENVREY *vs.* FOX.

A levy upon sufficient personal property is not *per se* a satisfaction of the judgment.

An execution issued upon a justice's judgment directs the constable to levy, of the goods and chattels of the defendant, the amount of the judgment.   There is no restriction upon the officer as to the amount of property he shall take; nor is he required to levy upon all the property at the same time.

He may, therefore, after having levied upon sufficient property to satisfy the execution, levy upon other property, at a different time, and sell it, without making himself liable as a trespasser.

APPEAL from a judgment of the Cattaraugus county court, reversing the judgment of a justice. The facts are sufficiently stated in the opinion.

*S. S. Spring*, for the plaintiff.

*Nelson Cobb*, for the defendant.

*By the Court*, MARVIN, J.   The plaintiff complains that the defendant converted to his own use three cows, the property of the plaintiff; and the object of the action was to recover the value of the cows.   The defense was that the defendant was a constable, and took and sold the cows, or two of them, by virtue of an execution issued upon a judgment against the present plaintiff.   Upon the trial, evidence was given of the taking of the cows and the sale by the defendant of two of them.   The defendant gave in evidence a judgment in favor of one Knight against the present plaintiff, rendered in a justice's court, and an execution issued thereon to the present defendant as constable, and proved that the cows were levied upon and sold to satisfy that execution.   The present plaintiff then gave evidence tending to show that, about a week before the taking of the cows by the defendant, the plaintiff turned out to the defendant, and the defendant levied upon, other property of the plaintiff sufficient to satisfy the execution, viz. a colt, a fanning mill and a lined back cow.   The defendant denied that he had made any levy upon the colt, &c., and there was considerable evidence touching this question; enough, I think, to make it a question of fact for the jury.   The plaintiff insists that the defendant was a trespasser in taking and selling the cows, after he had levied upon sufficient personal property to satisfy the execution. The levy upon the cows, and the sale, were within the life of the execution, and the defendant insists that he had the legal right to levy upon the cows and sell them, and that he cannot be made liable in this action for the conversion of the cows.   That if liable at all, it would be for an excessive levy.   In my opinion, the positions of the defendant are sound.   The constable

was commanded by the excution "to levy, of the goods and chat-
tels of the defendant, (except, &c.) the amount of the said
judgment," &c. The execution was in accordance with the
law. Here then was a general authority to take the goods and
chattels of the plaintiff; and had the constable taken all the
goods and chattels of the debtor, at one time, it is not claimed
that he would have been a trespasser. But it is claimed that
having once made a levy sufficient to satisfy the execution, no
power to make a further levy existed, though the goods first
levied upon remained in the custody of the debtor, and were
never removed or sold. The plaintiff's counsel has referred to
authorities, in which it has been said by the court that a levy
upon sufficient personal property to satisfy the execution is a
satisfaction of the judgment. An examination of all the cases
will show that this, as an unqualified position, cannot be sus-
tained. In *Hoyt* v. *Hudson*, (12 *John.* 207,) the constable had
levied upon the property of the plaintiff, and had taken the
receipt of a third person to deliver the property to him. The
property was not redelivered to the constable, and he levied
upon and took other property of the debtor, who sued the con-
stable for the last taking of property. It was held that the
plaintiff could recover. In the decision the court say : "When
an officer, under an execution, has once levied upon the prop-
erty of the defendant, sufficient to satisfy the execution, he can-
not make a second levy." We shall presently see that this
position, without qualification, is not correct. It was not neces-
sary to the decision of the case. The constable had taken the
plaintiff's property and had delivered it to a receiptor. The
debtor had been deprived of his property, and the constable had
his remedy against the receiptor.

In *Ex parte Lawrence*, (4 *Cowen*, 417,) the creditor had levied
upon sufficient personal property of his debtor to satisfy his ex-
ecution, and had taken a receipt for it. He delayed the sale from
time to time, and then claimed the right to redeem, as a judg-
ment creditor, the land of the debtor sold by virtue of another
judgment and execution. The court held that he had no right
to redeem, and remarked that his judgment ceased to be a lien

from the time of the levy, and that the levy upon sufficient personal property operated *per se* as an extinguishment. In *Jackson* v. *Bowen*, (7 *Cowen*, 13,) sufficient personal property had been levied upon and the execution had been returned by the directions of the creditor, and another execution had been issued and the debtor's land had been sold. The court refer to *Ex parte Lawrence*, and say that the levy upon sufficient personal property was an extinguishment of the judgment, and the judgment ceased to be a lien. It is the right of the judgment debtor to have his personal property sold, before resort is had to a sale of his real estate. There was sufficient personal property levied upon, and the creditor had no right, without a sale, to abandon the property and resort to a sale of the real estate.

In *Wood* v. *Torrey*, (6 *Wend*. 562,) sufficient personal property had been taken, and the creditor receipted the property to the plaintiff, promising to deliver the property when called for, or when he should want it sold on the execution. Some three or four years after this the creditor directed the sheriff to advertise and sell the land of the debtor, which the debtor had sold to a purchaser, who purchased in good faith. At the instance of the purchaser of the real estate, a perpetual stay of execution was ordered. In *Mickles* v. *Haskin*, (11 *Wend*. 125,) it was held that a levy on property sufficient was not a satisfaction of the judgment, when the property had been fraudulently withdrawn by the defendant from the officer. In that case a sufficient levy had been made by the constable, and the defendant had removed the property, and the action was upon the judgment, and a recovery was had; thus showing that a levy upon sufficient personal property is not *per se* a satisfaction of the judgment.

In *Green* v. *Burke*, (23 *Wend*. 490,) a levy was made upon sufficient personal property, which was left with the defendant. The constable, being under age, abandoned the levy and returned the execution to the justice, who issued another execution to a different constable, and the latter levied upon and sold other property of the debtor. Justice Cowen reviewed, at much

length, the previous cases, and held in the case under consideration, that the judgment was not satisfied by the first levy. That a levy is only a satisfaction *sub modo*, and not absolute *per se*.

In *The People* v. *Hopson*, (1 *Denio*, 574,) it was held that an execution from a justice's court may be renewed after a levy has been made sufficient to satisfy it, when there was not time enough remaining to advertise and sell. That a levy upon sufficient personal property suspends other remedies of the creditor while it continues, but that when nothing more is done, it never amounts to a satisfaction of the judgment. Bronson, Ch. J. says, "The true rule I take to be this: the judgment is satisfied when the execution has been so used as to change the title, or in some other way deprive the debtor of his property." In *The People* v. *Hopson* the constable levied upon additional property after the renewal of the execution. No point is made in relation to this fact.

As we have seen, the direction in the execution is to levy, of the goods and chattels of the defendant, the amount of the judgment. There is no restriction upon the officer as to the amount of property he shall take, nor is he required to levy upon the property at the same time. It would be extremely dangerous to hold that when the officer had once levied upon sufficient property to satisfy the execution, his power to levy upon more was gone. How is he to know when he has made a sufficient levy? This cannot usually be ascertained with certainty until the sale. The defendant was not a trespasser in taking and selling the cows, and the judgment was properly reversed.

Judgment of the county court affirmed.

[ERIE GENERAL TERM, September 8, 1856. *Bowen*, *Mullett*, *Greene* and *Marvin*, Justices.]