McBRIDE *vs.* THE FARMERS' BANK OF SALEM, Branch of the State Bank of Ohio.

Proceedings supplementary to execution may be taken, under section 294 of the code, against a foreign corporation.

Where an action is commenced against a foreign corporation, by attachment, and the sheriff levies on money on deposit in a trust company, and the defendant, instead of procuring the attachment to be discharged by giving security or applying for an order directing the sheriff to collect the debts attached by him, appears and makes a defense which is unavailing; and in consequence of the delay thus produced, the debt is lost, by the failure of the trust company, the defendant must bear the loss, rather than the plaintiff.

A levy upon property, under an attachment, does not amount to a satisfaction of the debt.

APPEAL from an order made at a special term denying a motion to vacate an order.

*E. Terry,* for the plaintiff.

*Stanley & Langdell,* for the defendant.

*By the Court,* INGRAHAM, J. This action was commenced by attachment against the defendant, a foreign corporation. After judgment an execution was issued and proceedings were taken under section 294 of the code, to reach moneys on deposit in the Ocean Bank, to the credit of the defendants. A motion was made to vacate the order restraining the Ocean

Bank from paying over the moneys, and to declare the judgment satisfied, and to order a perpetual stay of proceedings on the execution. This motion was denied at a special term, and the defendants appealed to the general term. The grounds of appeal are: 1st. That proceedings supplementary to execution cannot be taken under the 294th section against a corporation. 2d. That the attachment by which the action was commenced was levied upon moneys on deposit in the Ohio Life and Trust Company, and in consequence of the attachment the money remained in deposit with that company until the company failed. That it was the duty of the sheriff to have collected the money, and as the loss has occurred through his negligence the debt is to be considered as paid, and the plaintiff's remedy is against the sheriff. Upon the first point we are all agreed in the opinion that there is nothing in this section that prevents its application to corporations. That by this section provision is made for notice to be given to the defendants, if the judge thinks such notice necessary, and the proceeding can as well be taken against the debtor of a corporation as against the debtor of an individual. That there is no necessary connection between section 292 and section 294 so as to make one depend on the other; as section 292 applies to cases where the execution has been returned, and section 294 where the execution is in the hands of the sheriff, and under the former proceeding the statute requires it to be limited to the county where the debtor resides, and the other requires no proof of residence, but merely of the issuing of an execution and the indebtedness of the person to the defendant.

The only embarrassment as to this question, with us, arises from a decision of the general term in the 8th district, that this section is not applicable to corporations. (*Sherwood* v. *Buffalo and New York City Rail Road Co.*, 12 *Howard*, 137.) In that case it was held that the proper mode of proceeding to enforce the payment of a judgment was, under the revised statutes, by sequestration. We feel unwilling to dis-

regard the decision of any general term of this court, and where it is directly in point deem it desirable to follow it, and leave to the court above to correct any error, on appeal, rather than to present contradictory opinions from the general terms of different districts.    But in this case there is a point of difference which we think takes this case out of that decision.

In the case referred to, the defendants were a corporation created under the laws of this state, and proceedings against such a corporation for sequestrating its effects may be taken under the revised statutes.    (2 *R. S.* 463.)    Such proceedings cannot be taken against the defendants, because they are not subject to our control, and the provisions of that statute are only confined to domestic corporations.    The only mode of satisfying the execution issued on a judgment against foreign corporations, is by the proceedings on attachment and under the 294th section of the code.    We see no objection to this proceeding under the 294th section.    The same result would undoubtedly be attained if the sheriff had, on receipt of the execution, applied to the Ocean Bank for the purpose of levying on the property in their possession, under section 236. That section gives the sheriff the same power with an execution that he had with an attachment, and authorizes a levy by him on any rights, shares, debts or other property incapable of manual delivery, and requires a certificate to be delivered by the debtor of the defendants the same as on attachment, and it affords quite as effectual and easy a remedy as the proceedings under section 294.    For the purpose of uniformity in the proceedings, it may be more desirable to adopt that course in proceedings against foreign corporations.

The second ground of appeal is, that by the attachment the debt which was attached has, in consequence of the delay, and of the omission of the sheriff to collect, been lost, and that the creditor must bear the loss, in analogy to the rule that imposes such loss on the plaintiff in case of a levy to satisfy an execution.

This doctrine, as applied to an execution, is to be taken as

McBride *v.* Farmers' Bank of Salem,

correct, only with some qualifications. In all the cases where the principle has been sanctioned, the property had been reduced to possession by the constable or sheriff and delivered to a receiptor, and without selling such property, or enforcing a remedy against the receiptor, a further levy was made. In such cases it was properly held that the execution was satisfied for the time by a levy on sufficient property to pay it, and that the levy *suspended* other remedies of the creditor while it continued, but it is added, "it never amounts to a satisfaction of the judgment." (*See all the cases reviewed in Denvrey* v. *Fox,* 22 *Barb.* 522.)

In a proceeding by attachment even that rule is not to be applied. The object of the attachment is not to obtain payment of the debt, but to bring the foreign corporation within the jurisdiction of the court. The defendants, at their pleasure, could discharge the attachment, by giving the security which the law permits ; or they could have applied to the court, equally with the plaintiff, for an order directing the sheriff to collect the debts attached by him. Instead of doing so, they appeared and made a defense, which was unavailing, and in consequence of the delay produced by their own act, in defending what was decided to be a valid claim, the debt was lost. If either party is chargeable with having caused the loss of the debt, it was the defendants, for having made a fruitless defense, rather than the plaintiff for attempting to collect a just claim.

The order appealed from should be affirmed, with $10 costs.

[NEW YORK GENERAL TERM, November 15, 1858. *Ingraham, Gould* and *Mullin*, Justices.]