Gholson, J.
The petition in this case concludes with a claim for •damages for the detention of property; and the omission of a claim for the value of the property, or of the plaintiff’s interest, is alleged as a fatal defect. The property, though taken by the officer, was returned upon the not giving an undertaking in pursuance of the provisions of the code. Secs. 179-181. The code also provides, that when the property claimed has not been taken, or has been returned to the defendant by the sheriff, for want *of the undertaking required by section 179, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper. Sec. 186. The plaintiff in error claimed that an amendment of the petition is necessary to enable a party to avail himself of the right thus secured. A party is sued for specific property and damages for its detention; it is taken from him, and then returned under a provision of the law which informs him that, in this contingency, he is liable for such damages as are right and proper. We think the necessary effect is to render the proceeding one in the nature of an action of trover, and entitles the plaintiff in the action to recover damages, on the assumption that the defendant is to keep the property and pay the value, at least to the extent of the plaintiff’s interest. Thus the statute operates as an amendment of the pleadings, and the proceeding in the action necessarily advises the party of the nature of the claim which he is •expected to meet. No surprise or injustice is likely to result, and wo do not think any formal amendment is necessary. But if it were, the plaintiff in error, having proceeded to trial without objection, is in no condition to complain, if the other party has only-recovered such damages, as are right and proper, under the evidence in the case.
It is claimed that ffhe plaintiff in the action, at the time of its •commencement in the court of -common pleas, had not the right of immediate possession of the goods. The officer acquired a special property in the goods and chattels levied on, and became entitled to the possession. He left them in the possession of the debtor,, taking security for his own indemnity. But this possession of the fiebtor must be regarded as the possession of the officer, and prevents the levy of any other execution upon the property. Wright *400 v. Lepper, 2 Ohio, 297-301; Wadsworth v. Parsons, 6 Ohio, 449. It may be, that to sustain an action against the debtor, commenced during the time his possession *is lawful as the bailee of the officer, a demand and refusal might be necessary to show an immediate right to the possession. But the present action was not against the judgment debtor, nor against any one claiming the-same right of possession ho had. In which view alone, the case of Basset v. Baker, Wright, 337, can be sustained. It is an action-against one invading the possession under a paramount claim, intended to defeat the special property which the officer had secured by his levy. The possession which the officer parted with for a. temporary purposo and for the ease of the debtor, can not be relied on by such a party.
Several points are made as to the levy upon the goods—that there-was no actual seizure, in whole or in part; that no inventory was-taken; and that the levy was grossly excessive.
As to the last point, no authority has been shown for an inquiry into it in this collateral way. An irregularity in the execution, or-an abuse of process, is generally corrected by a direct proceeding for that purpose. Ordinarily, where the writs are in the hands of the same officer, no such question can be material to third persons, and both as to them and the debtor, some other mode of redress, than one declaring invalid the whole proceeding, would seem rea- • sonable and proper. It is said in a recent case in New York r “ There is no restriction upon the officer as to the amount of property he shall take, nor is he required to levy upon the property at the same time. It would be extremely dangerous to hold that when the officer had once levied upon sufficient property to satisfy the execution, his power to levy upon more was gone. How is he to. know when he has made a sufficient levy ? This can not usually be ascertained with certainty until the sale.” Denvrey v. Fox, 22 Barb. 522-526.
The other two points maybe considered together, for the making or not making an inventory must be regarded, in the absence of some statutory requisition, as the circumstance ^bearing on the question of the validity of the levy. The provision of the statute as to an inventory, contained in the justices’ act, section 177, only applies in the event of a sale, and would rather imply thqt a valid levy had been before made. The making an.inventory in such a case as the present, was certainly desirable, but we can *401 not say it was necessary. Wood v. Vanarsdale, 3 Rawle, 401-405; Douglass v. Jones, 3 E. D. Smith, 551, 552. And we think, from the evidence in this case, the district court might properly infer the facts essential to constitute a valid levy upon the property. An actual seizure by the officer “ docs not necessarily imply an actual touching of the goods, but merely such a course of action as, in effect, is calculated to reduce them to the dominion of the law. They are then considered as in the custody of the law; and a degree of constructive force is imputed, which at once entitles the party whose goods are thus seized, to his action of trespass, if the officer be destitute of authority.” Green v. Burk, 23 Wend. 490-494. A claim of dominion, with the power to exercise it, an intention being indicated to interfere with the goods, under pretense of right and authority, as derived from the execution, amount to a constructive trespass, and constitute a levy.” Gwynne on Sheriffs, 212; Connah v. Hale, 23 Wend. 462-467. A manual interference with the property is not necessary, but “ an assertion of right by an officer, in virtue of process in his possession, in respect to goods within his power, is an actual, taking possession of them, and is sufficient to subject him to an action of trespass, if his process does not protect him.” Barker v. Binninger, 4 Kernan, 270-278, There are authorities which show that the taking the bond for the delivery of the property, in itself, operates as a levy. What, it has been asked, “is the essence of a levy? It is the sheriff’s getting power over the property—such power as will enable him to sell it at the proper time and place. This he gets whenever he gets the property into his own hands or into the hands of another as his agent.” *And it was said to make no difference whether that agent was the defendant or another person. Roebuck v. Thornton, 19 Ga. 149-151.
The giving a bond for the forthcoming of the property by the defendant in execution, has been held to be equivalent to an actual seizure—to be an admission of the levy, which he could not be heard to deny. Walker v. Shotwell, 13 S. & M. 549; Jayne v. Dillon, 28 Miss. 283. But we do not think it necessary to sustain the finding of the district court upon this principle. It may well be supported upon the other evidence—the giving the undertaking by the owner being only regarded as a circumstance in this case. When the levy is undoubtedly good against the owner upon one ground, less stringent circumstances may very properly suffice *402 .•against third persons, who generally, in such cases, could only be heard to complain when a case of fraud upon, or injury to, ■their rights was made manifest.
The position of the owner, by becoming the bailee of the officer, -throws light upon another question made in the case. It is ■claimed that it was incumbent on the plaintiff in the action, fn ■■order to make out a prima facie case against the defendant, to produce not only the executions under which he was acting, but also the judgments upon which they were founded. The action was a contest about property originally owned, as admitted by both parties, by the defendant in execution. The plaintiff showed by his execution, levy, and the undertaking, a clear title as against the former owner of the property, and a possession taken and held .under the title thus acquired. It would be dangerous to hold that a third person, taking the property from the mere temporary bailee of an owner, could require any further proof than would -suffice against such bailee. He would, to retain the property in such a ease, have to show a better right to its possession. Buck v. Sutton, 2 Taunt. 302-309; Duncan v. Spear, 11 Wend. 54.
*It is alleged as an error, that the district court which decided the case, was not composed of the same judges who consti■tuted the court when the case was reserved. It is sufficient to say that this is not shown by the record, and we need not, therefore, inquire whether the action of a court otherwise competent to de.cide a particular case, can be made to depend upon the absence or presence of one or more of the judges who might sit in the case, .and thus distinguish between the action of the court and of the individual judges.
We do not find that, as to any of the points presented to the district court, or which have been made in this court, there was ¡any error; and the judgment must be affirmed.

Judgment affirmed.

Brinkerhoee, C. J.,and Scott, Sutlife, and Peck, JJ., concurred,