### T. P. HOLLOWAY v. LEON & H. BLUM.

(Case No. 1661.)

1. PARTIES — VENUE — JURISDICTION.— A mercantile firm in Galveston obligated itself to a member of a mercantile firm in Fayette county to release the said member of all claims against his firm and to guaranty him immunity against all creditors of his firm if he would release and convey his interest in the firm to his copartners, which he did. Afterwards, in a suit brought by a third party in Fayette county, for a firm debt, against all the members of the Fayette county firm, the retiring member asked that the Galveston firm be made parties to the suit, and that he have judgment over against the firm for any sum adjudged against him in the suit. The mem-

---

[1] Hon. R. S. WALKER, presiding justice of the Commissioners of Appeals, did not concur in the opinion.

ber of the Galveston firm appeared and pleaded to the jurisdiction of the court over him and interposed a general demurrer. *Held:*

(1) The Galveston firm sustained no such legal or equitable relation to the plaintiffs as would have authorized a suit against them, even in Galveston county, where the members of the firm resided.

(2) The Galveston firm was neither a necessary nor a proper party to the action.

(3) There was no stipulation that the contract of the Galveston firm was to be performed in Fayette county.

(4) The plea of the members of the Galveston firm, of the privilege of being sued in the county of their residence, was properly sustained.

2. DISTINGUISHED.— This case distinguished from Legg *v.* McNeill, 2 Tex., 431; Garrett *v.* Gaines, 6 Tex., 446; Cooper *v.* Singleton, 19 Tex., 267, and other cases of that class, which are referred to in the opinion.

APPEAL from Fayette. Tried below before the Hon. L. W. Moore.

Adiline Holloway, joined by her husband, F. H. Holloway, brought this suit in the district court of Fayette county, on the 22d day of January, 1883, against the appellant T. P. Holloway and against the firm of Heard, Tuttle & Holloway, composed of appellant and two others. The object of the suit was to recover the amount of a note made to plaintiffs by the appellant and indorsed by that firm.

The defendant T. P. Holloway, in his answer to plaintiffs' suit, asked that Leon & H. Blum be made parties, alleging that on the 1st day of November, 1881, he was a member of the said firm of Heard, Tuttle & Holloway; that at that time said Blums, acting by their agent, S. M. Jenkinson, made a written contract with him by which they bound themselves unto him that they would unconditionally release him from any judgment or judgments that then existed, or that might thereafter be obtained, against the firm of Heard, Tuttle & Holloway, as well as from their entire indebtedness, and would guaranty him entire immunity against any and all creditors of said firm; that said contract was made upon the consideration that he (Holloway) would release, convey and deliver to his former partners, Heard and Tuttle, any and all interest he had in the business and property of the firm of Heard, Tuttle & Holloway; that in pursuance of that contract he had conveyed and delivered his interest in said business and property to his former partners; that the contract of the said Blums was to have effect after the provisions of a power of attorney therein referred to were complied with; that the provisions of the power of attorney had been complied with; that the claim of the plaintiffs was one of the claims against which the Blums undertook by their contract to protect and indemnify him;

that Leon & H. Blum were a mercantile copartnership doing business in Galveston, Texas, and composed of Leon Blum, Sylvian Blum and H. Blum, all of whom resided in Galveston, Texas; and he prayed that the partnership be cited by service upon some one or more of its said members, to appear and defend the suit, and that if plaintiffs should recover against defendants, then that he have judgment over against the said Blums.

Service was had upon Sylvian Blum, and he only appeared and pleaded (1) to the jurisdiction of the court over the persons of the members of his firm; (2) a general demurrer; (3) a special demurrer, excepting to appellant's pleading, because it failed to aver that he had paid the debt sued on; (4) a general denial; and (5) that the contract between his firm and defendant set out in his answer was obtained by fraud on the part of appellant.

The court, at the request of the appellant, returned in writing and had it made part of the record, separate conclusions of facts and law; and upon these gave judgment that plaintiffs recover of defendants $1,388.30 and the costs of the suit; and that Blums' plea to the jurisdiction be sustained and the cause as to them be dismissed. To this judgment appellant excepted, and appealed from it.

*Timmons & Brown*, for appellant, cited; Freeman on Judgments (2d ed.), sec. 181, p. 192; Sayles' Tex. Prac., sec. 188 and note; Sayles & Bassett's Tex. Pl. and Pr., sec. 280; Story's Eq. Jur., secs. 730, 850; Chapman *v.* Brown, 6 Johns. Ch., 406; Sedgwick on Damages (4th ed.), top page 348 to page 358; Stewart *v.* Clark, 11 Metc. (Mass.), 348.

*W. H. Ledbetter*, for appellee.

WEST, ASSOCIATE JUSTICE.— The appellees were in no manner connected with the original suit against the appellant and others. They were not made parties to it. In fact, they could not have been properly made parties to it, as, under the allegations of the original petition, they sustained no such legal or equitable relations to the original plaintiffs as would have authorized a suit against them by the plaintiffs, even in the county of Galveston. They were then neither necessary nor proper parties to the action, under the facts of the case as developed on the trial.

The contract of the appellees was to pay any judgment, or judgments, that had been or might be obtained against the firm of Heard, Tuttle & Holloway, as well as to pay their entire indebtedness, and to guaranty said firm against all of their creditors.

None of the members of the firm of L. & H. Blum were residents of the county of Fayette. Their contract did not provide that it should be performed in that county. Cohen v. Munson, Tex. Law Review, vol. 1, p. 233 (59 Tex., 236). They never surrendered by the terms of this contract with appellant the valuable privilege which the law gives them, of being sued in the county of their residence.

Suppose the plaintiffs below had objected to the interjection into this suit, by the appellant, of this independent subject matter of controversy between the appellees and the appellant as improper and irrelevant to the issue between them and the appellant; the court would at once have put an end to it.

The suit of the plaintiffs could not be delayed by this character of controversy between the defendant and a stranger to the plaintiffs.

The law also gave the appellees the right to raise the objection to being made parties to this suit, instituted in a county distant from the county of their residence, and based on a contract to which they were strangers. They were in no sense parties to the instrument which formed the basis of the plaintiffs' cause of action against the appellant.

When thus dragged, unwillingly, into the courts of a county distant from the county of their residence, to answer to a suit founded on an obligation that they had never agreed to perform there, they at once pleaded the privilege, expressly given them by the statute, of being sued in the courts of the county of their residence.

The court at once sustained this plea to the jurisdiction of the district court of Fayette county, thus interposed, and promptly dismissed the case, so far as the controversy between the appellant and the appellees was concerned.

This action of the court in the premises appears justified by both the law and the facts, and was right and proper under all the circumstances of this particular case.

It is unquestionably true, that, in certain classes of cases, persons against whom the defendant would have a right of action, in case judgment may go against him, have sometimes been permitted by our courts to be made parties on the application of the defendant, and sometimes on their own application, and sometimes on the application of the plaintiff, and also in other modes. The following cases are instances in which such action has been sometimes permitted or tolerated: Legg v. McNeill, 2 Tex., 431; Garrett v. Gaines, 6 Tex., 446; Cooper v. Singleton, 19 Tex., 267; Iglehart v.

Moore, 21 Tex., 504. See, also, 21 Tex., 545; Bailey v. Trammell, 27 Tex., 325; Demaret v. Bennett, 29 Tex., 270; Denison v. League, 16 Tex., 408–9; Williams v. Wright, 20 Tex., 502; Eccles v. Hill, 13 Tex., 66; Peters v. Clements, 46 Tex., 123; Estell v. Cole, 52 Tex., 178; Fleming v. Seeligson, 57 Tex., 532, 533, and cases there cited. .

These cases have all been carefully examined in this connection, and are all based on facts quite different from those proved to exist in this case.

We have not at present the time necessary to show at length and in detail all the points of difference. In most of the cases, however, the difference is quite marked. Several of the cases above enumerated arose under the process of garnishment. In some of the cases there was a well founded doubt as to whom the amount in controversy was due. In other cases questions arose as to the application of the purchase money of land. Sometimes the warrantor in some form was made a party. Others rested on special equitable grounds, which being disclosed, the application was allowed.

In most of the cases named above, the third person so called in did not, as the appellees did on this occasion, at once resist the application *in limine;* on the contrary, in several instances, the persons so introduced, as in Estell v. Cole, *supra*, made no objection to being thus made a party to the litigation. In other cases, the third party appeared voluntarily, and asked to be allowed to become a party.

In some of the cases, the objection to the introduction of a third party into the suit came from the plaintiff; in some cases the objection was made by a co-defendant; the third party who was so called in insisting on his right to be heard.

The case under consideration does not, in our opinion, conflict with any of the cases above referred to, or with any to which our attention has been called.

In this case the plaintiffs below are silent, and the. parties sought to be introduced into the suit against their will by the defendant at once object to it, and interpose in their behalf their statutory privilege of being sued at their homes. .

Under all the facts of this case, as disclosed by the record before us, we are of opinion that there is no error in the judgment of the district court, and it is ordered that it be in all things affirmed.

AFFIRMED.

[Opinion delivered January 22, 1884.]