R. B. TEMPLEMAN v. GRESHAM ET AL.

(Case No. 1770.)

1. FORECLOSURE OF LIEN — PARTIES.— The general rule is, that all persons who claim an interest in property on which a lien is sought to be foreclosed should be made parties. The district court will adjust the rights of the respective parties though the interest claimed by some of the parties may not be such as of itself to confer jurisdiction. Following Hall v. Hall, 11 Tex., 547, and Peticolas v. Carpenter, 53 Tex., 27.

2. LANDLORD'S LIEN.— The landlord's lien, being given by the statute, exists independent of a distress warrant, which is but a means of securing the property and making the lien effective.

ERROR from Grimes. Tried below before the Hon. John R. Kennard.

Defendants in error, as landlords, on the 18th of November, A. D. 1882, sued out a distress warrant against their tenant, A. D. Jones, for the amount due them for rent and advances during that year. On the 20th of November, 1882, they caused the warrant to be levied upon four bales of cotton found at the gin of R. T. Flewellyn, and upon twenty-six bushels of corn found on the rented premises. They demanded and caused the officer to demand from R. B. Templeman, plaintiff in error, three bales of cotton which he (Templeman) had purchased from A. D. Jones on the 7th day of November, 1882. Templeman refused to deliver the cotton or to point

it out, so that the distress warrant might be levied upon it. The amount claimed for rent and damages being above the jurisdiction of the justice's court, and there being no county court for civil and criminal business in Grimes county, the distress warrant was returned to the district court of said county. On the 20th of November, 1882, defendants in error filed their petition in the district court of Grimes county against A. D. Jones and R. B. Templeman.

After the necessary and proper averments as to the liability of Jones, the amount of his indebtedness for rent and advances, the existence of their landlord's lien, and the issuance and levy of their distress warrant, they make as to Templeman the following averments: "Plaintiffs further aver that without their knowledge or consent, said A. D. Jones, on the 7th day of November, A. D. 1882, removed from said rented premises three bales of cotton grown upon said rented premises the present year; and on the same day, to wit, on the 7th day of November, A. D. 1882, sold the same, without the knowledge or consent of plaintiffs, to R. B. Templeman, at Navasota, Grimes county, Texas. They represent that the three bales of cotton purchased by said Templeman were subject to said landlord's lien in favor of plaintiffs, for said rent and advances; that said cotton averaged five hundred pounds per bale, and was worth $50 per bale, or in the aggregate $150. They represent that they have demanded said cotton from said Templeman, and that the constable in whose hands said distress warrant was placed, under their instructions demanded said cotton from said Templeman, and that he, the said Templeman, refused to deliver the same to plaintiffs, or to point out the same to said officer. Wherefore plaintiffs aver that said Templeman has wrongfully secreted and converted to his own use said three bales of cotton, and that he is liable to the plaintiffs for the value of the same, in case they establish their landlord's lien on said three bales of cotton, which they aver was an existing and subsisting lien on said three bales of cotton when said Templeman so wrongfully purchased the same and converted it to his own use. Wherefore plaintiffs sue and pray process against said Templeman, and upon hearing they pray judgment against said A. D. Jones for their said debt for rent and advances, and for the enforcement of their landlord's lien against him," etc.

To this defendant Templeman filed a general demurrer and general denial.

The demurrer was overruled. Judgment against Jones for the sum of $356.95, for rent and advances for 1882, and costs, as claimed by plaintiffs, establishing and foreclosing the landlord's lien

on the four bales of cotton and twenty-six bushels of corn, and upon the three bales of cotton purchased (which were adjudged to be worth $45 per bale, or $135) by Templeman from Jones. As to Templeman, the judgment continued as follows, to wit: "It is further ordered, and so adjudged and decreed by the court, that the plaintiffs do have and recover a judgment against the defendant R. B. Templeman for the sum of $135, and all costs by them in this behalf, against said defendant R. B. Templeman, incurred, and if the said four bales of cotton and twenty-six bushels of corn shall not sell for enough to satisfy the said judgment of $356.95 and all costs rendered herein against said A. D. Jones, then the clerk of this court shall issue an execution in favor of plaintiffs against the defendant Templeman for the sum of $135 and costs; or if the balance left unpaid of said judgment herein rendered against defendant A. D. Jones, after applying to same the proceeds of the sale of said four bales of cotton and twenty-six bushels of corn, shall be less than $135, then the clerk of this court shall issue in favor of plaintiffs, against defendant Templeman, an execution for such balance only, and the costs incurred and adjudged against him."

*Hutcheson & Carrington*, for plaintiff in error, cited: Cooley on Torts, pp. 135, 136, 450, 451; Coles v. Clark, 3 Cushing, 401; 2 Hilliard on Mortgages, p. 499.

*Boone & Cobbs*, for defendant in error, cited: R. S., title LVIII, arts. 3107 *et seq.;* Mathews v. Burke, 32 Tex., 419; Rosenberg v. Shaper, 51 Tex., 134; Boucier v. Edmondson, 58 Tex., 675; Hall v. Hall, 11 Tex., 526; Crow v. Red River Co. Bank, 52 Tex., 362; Peticolas v. Carpenter, 53 Tex., 24; Bennett v. Spillars, 7 Tex., 600; O'Shea v. Twohig, 9 Tex., 342; Teas v. McDonald, 13 Tex., 350; Navigation Co. v. Dwyer, 29 Tex., 376; 2 Story's Eq., sec. 1626; Wait's Actions & Defenses, vol. 3, p. 222.

Stayton, Associate Justice.— This action was brought to foreclose the landlord's lien on the property seized under the distress warrant as well as that which had passed into the hands of the defendant Templeman, which, however, could not be seized, because he had concealed or disposed of it.

The landlord's lien extended to all the property and did not depend upon its seizure under the distress warrant. The lien was given by the statute, and the seizure by distress warrant only serves to secure the property that the lien on it may be made effective.

---

Opinion of the court.

---

Rosenberg v. Shaper, 51 Tex., 135; Boucier v. Edmondson, 58 Tex., 675.

The general rule is, that all persons who claim an interest in property on which a lien is sought to be foreclosed should be made parties. Hall v. Hall, 11 Tex., 547; 2 Story's Equity, 1526; Trittipo v. Edwards, 35 Ind., 467; Jones on Chattel Mortgages, 783.

The district court had jurisdiction of the subject matter of the suit, and, so having, had power to adjust the rights of the several parties claiming an interest in the property on which the lien existed, although the interest claimed in the property sought to be subjected to the lien may not as to some of the parties have been such as of itself to give the court jurisdiction. Peiser v. Peticolas, 50 Tex., 638; Peticolas v. Carpenter, 53 Tex., 27.

In the last named case, judgments were rendered in favor of intervening creditors of the defendant, whose claims were not sufficient in amount to give the district court jurisdiction, which, however, was held to exist by virtue of liens which they had on the property in controversy between the plaintiff and defendant.

The subject matter of the suit was sold pending the suit, and the proceeds paid to the plaintiff in the cause, and yet it was held that the intervenors might follow the proceeds into his hands and have judgments against him for the amount of their respective claims, although they each were in amount less than was necessary to give the court jurisdiction. This was because the court had jurisdiction of the subject matter of the suit, and power to adjust the rights of all who asserted an interest in it or its proceeds.

It would, perhaps, have been proper for the court to have foreclosed the lien on the cotton which went into the hands of Templeman, and to have made his liability to pay its value depend on his failure to deliver it to the officer for sale within a reasonable time; but no objection is taken to the judgment on this account.

Believing that the district court had the power to render the judgment which was rendered, its judgment is affirmed.

AFFIRMED.

[Opinion delivered February 5, 1884.]