W. T. AND S. T. TAYLOR v. M. M. FELDER ET AL.

No. 299.

1. Landlord's Lien—Subsequent Purchaser of Crop.—The Taylors received of Morgan, the tenant of plaintiff, a lot of cotton raised on the rented premises, and appellants raise the question whether the cotton in their hands is liable for the rent. We deem it well settled that a lien holder may maintain an action for damages against one who wrongfully converts the security. That the landlord may do so is well settled in this State. Following Templeton v. Gresham, 61 Texas, 50.

2. Removal of Crop from Rented Premises—Distress Warrant the Commencement of Suit.—Appellants contend that plaintiff has lost his lien upon that part of the crop they received from Morgan, because it had been removed from the rented premises for more than a month before they were sued.

Distress warrant was issued, as provided by law, before the suit was instituted, and before the expiration of one month, and although the petition was not filed making the Taylors parties until more than one month after the cotton had been removed from the rented premises, the issuance of the distress warrant was sufficient to prevent the running of the period limited by statute.

3. **Subsequent Purchaser Proper Party.**—When the landlord obtains his distress warrant, and is prevented from reaching the property upon which he has a lien by one who has converted it to his own use, he may properly join such party in his suit against the tenant.

4. **Levy of Distress Warrant not a Satisfaction of the Debt.**— The rule that a levy upon personal property operates as a satisfaction of the judgment is said not to apply to levies under attachments, but only to those made under executions. A seizure of personal property under attachment issued during the pendency of the suit is not necessarily a satisfaction of the judgment, when afterwards obtained. Such seizure is made for the purpose of security; and if the property is retained in the possession of the sheriff he will be held responsible for the exercise of ordinary care for its preservation; and the same rule applies when the levy is by distress warrant.

5. **Waste or Destruction of Property.**—If while the property is in the hands of the sheriff it is wasted, lost, or destroyed by his negligence, he must account; and the amount for which he is liable on such account will, when ascertained, be applied to the satisfaction of any judgment obtained by plaintiff, and to that extent the plaintiff is made responsible for the sheriff; and the refusal of a charge which in a proper manner submitted this issue to the jury, was error.

6. **Subsequent Agreement with Tenant.** — Plaintiff agreed with Morgan that the property on the rented premises, upon which the distress warrant had been levied, should be left in his care, and gathered by him and shipped by plaintiff, and the proceeds applied to the payment of the rent; and while in his hands it is claimed there was waste. The Taylors were not parties to this agreement, and no right of theirs can be taken away by it. They acquired by their purchase all the rights of the tenant, and when sued by the landlord could make any defense which the tenant could have made, unembarrassed by the agreement, and were entitled to credit for the amount of the loss by waste while in the sheriff's hands, if there was any.

7. **Liability of Subsequent Purchaser.**—The Taylors held the cotton bought by them subject to the landlord's lien, and had he proceeded directly against them for its value, to satisfy his claim for rent, without pursuing other property, they could not have required him to exhaust the property remaining in the hands of the tenant subject to the lien, before reaching the fund held by them.

ON REHEARING.

8. **Pleading Necessary to Raise Issue of Waste.**—Attention is called to the fact that no pleading of either party raised the issue of waste. Under the rule laid down, the burden was on the defendants to allege and prove the waste or mismanagement of the property; and as they failed to do so, the case should be affirmed, unless there are other errors committed upon issues not considered in the former opinion, requiring a reversal.

9. **When Admission of Evidence Harmless Error.**—The court erroneously admitted parol evidence to prove a written contract between Felder and Morgan, his tenant, offered to show that Felder had a lien upon the crops of Morgan's subtenants; but as in his charge he required the jury expressly to

exclude from their finding of the value of the property received by the Taylors such as had been received by them from subtenants, the error was harmless.

10. **Erroneous Judgment.**—The jury found the value of the cotton received from the Taylors $690, and proceeds of property levied on $276.23, and added a general finding for the plaintiff of $296.23. The general finding was ignored by the court, and judgment rendered on the verdict upon the special issues. The evidence reviewed, and the judgment reversed for error in the judgment.

APPEAL from Wharton.   Tried below before Hon. W. H. BURKHART.

*Pearson & Ballowe*, for appellants.—1. As to Taylor Brothers, this was an action in the nature of trover or conversion, and in order to entitle plaintiff to maintain same against them, he should have been required to allege and· prove that he was in the possession of the property or some part thereof at the time of its alleged conversion, or was entitled to such possession, or was the general or special owner of same or some part thereof.   2 Greenl. on Ev., secs. 636, 637, 640; 1 Add. on Torts, Wood's ed., "Trover," note 1, subdiv. 2, secs. 530, 532; Cool. on Torts, 442, 448; Dunlay v. Rector, 10 Ark., 211; Soell v. Haddon, 19 S. W. Rep., 1087; Wright v. Henderson, 12 Texas, 43; Rosenthal v. McMann, 93 Cal., 505; Hammock v. Creekmore, 48 Ark., 264.

2. The court erred in refusing defendants' special charge.   [See opinion.]   Sayles' Civ. Stats., arts. 3109, 3111; Valentine v. Hamlett, 35 Ark., 538.

3. After the seizure of personal property under the process of the law, the waste, destruction, or deterioration in the value of the same arising from the negligence of the officer or indulgence of the plaintiff in the writ, in so far as the rights or interests of third parties are concerned, is chargeable to the plaintiff, especially where no orders of court are obtained for disposing of the property.   Sayles' Civ. Stats., art. 3118; Freem. on Ex., 2 ed., secs. 263, 269, note 1; Crocker on Sheriffs, sec. 443; Drake on Attach., sec. 292a; Mulford v. Estullido, 23 Cal., 94; Howerton v. Sprague, 64 N. C., 451; Head v. Fairbanks, 5 Met., 111; Hoyt v. Hudson, 12 Johns., 207.

A lien on goods is not sufficient to warrant a sale of them by the lien holder.   Iron Works Co. v. Derrick Co., 1 Johns. & H., 93.

4. The court erred in overruling the motion for a new trial, the eighth ground thereof being, " the verdict of the jury is contrary to the law and the evidence in this, that in the instructions of the court they are instructed to find what was the net proceeds of the property seized under the distress warrant, and they return that it is $276.23; whereas in plaintiff's supplemental petition he admits the net proceeds are $290.16, and on trial it was proved by Morgan's testimony that there was $20 worth of corn that was not allowed in said $290.16, thus making the alleged net

proceeds of said property $310.16 instead of $276.23, as found by the jury; and on hearing of said motion permitted the plaintiff to substitute the finding of fact by said jury with his remitter.'' Sayles' Civ. Stats., art. 1332.

*G. G. Kelly*, for appellees.— 1. It is sufficient to allege that defendant has, without plaintiff's knowledge or consent, taken possession of and converted to his own use property owned by plaintiff, or of which he is entitled to possession, or upon which he has a superior lien; and when plaintiff seeks a foreclosure of his lien upon property which has gone into possession of a third party, who refuses to point it out or to inform plaintiff of its whereabouts, it is sufficient for plaintiff, in his suit against the third party, to allege these facts, and seek his remedy in the alternative against the property so taken by the third party in case he surrenders it, or for personal judgment against him on his refusal to do so. Templeman v. Gresham, 61 Texas, 50; Holman v. Criswell, 15 Texas, 395; Thornton v. Strauss, 79 Ala., 164.

2. The lien of the landlord exists independent of the distress warrant; and if suit to subject the property to the lien is brought within the thirty days from the time of removal as provided by statute, the failure to make the levy does not operate as a waiver or loss of the lien. When the aid of a distress warrant is invoked by the landlord, the suit is instituted in the Justice Court by the issuance of the citation to the defendant simultaneously with the issuance of the warrant. Rev. Stats., arts. 3112–3114, 3119; Bourcier v. Edmondson, 58 Texas, 675; Jouett v. Jouett, 3 Texas, 150; Dean v. Hudson, 1 Posey's U. C., 366; Irvin v. Garner, 50 Texas, 48.

3. The landlord has a superior preference lien on all the crops of the tenant raised on the rented premises, and if any portion of it is removed without his consent, he may seize and hold it, without regard to what is left on the rented premises; and one not a lien holder on the crop, who takes and converts a portion of it to his own use, can not defend his wrongful possession and conversion by asserting equities growing out of a seizure of the crop remaining on the rented premises; he has no rights or equities in the remainder of the crop. Wilkes v. Aldler, 68 Texas, 690.

WILLIAMS, ASSOCIATE JUSTICE. — Appellee Felder rented to J. W. Morgan, for the year 1891, a farm situated in Wharton County, for the rent of which Morgan executed his note to appellant for $500. During the year Felder advanced to Morgan bacon of the value of $73.20. During the months of August, September, and October, 1891, without appellee's consent, Morgan gathered, removed from the rented premises, and sold to appellants cotton which he had produced thereon.

About November 8, 1891, appellee, who lived in Washington County,

went down to Wharton County and demanded of Morgan the sums due for rent and advances. The latter expected appellants to pay appellee out of the cotton which had been delivered to them, and requested them to do so, but they refused. Thereupon, on the 8th of November, 1891, appellee sued out a distress warrant against Morgan, and caused the officer in whose hands it was placed to demand of appellants that they point out, to be levied upon, the cotton which they had purchased from Morgan, or to furnish information by which it might be identified and seized; all of which appellants declined to do, having shipped the cotton and converted it to their own use. Appellee caused the corn and cotton remaining on the rented premises, most of it still standing ungathered in the field, to be levied upon under the distress warrant, and on November 27 filed in the District Court, to which the writ was returnable, his petition against Morgan and appellants, by which he sought judgment against the former for the sum due for rent and advances, and against the latter for the value of the cotton converted by them, or such portion of it as was necessary to satisfy his claim. Subsequently he filed a supplemental petition, alleging the amount which had been realized from the property levied on under the distress warrant, and asking judgment for the balance of the debt originally sued for remaining after deducting such amount. It was stated in the plea, that by agreement between plaintiff, the sheriff, and Morgan, the cotton levied on had been sold for plaintiff's account, and the corn delivered to him at an agreed price, and that Morgan had thus become entitled to the credit allowed.

The defendants' pleadings raised the questions discussed in the opinion.

The first point raised by the brief of appellants arises from the overruling of the exceptions to the petition, based on the ground that it did not show that plaintiff was entitled to the property.

We deem it well settled, that a lien holder may maintain an action for damages against one who has wrongfully converted the security. That a landlord may do so, is settled by the decisions in this State. It is not essential that he have the right of possession. Templeman v. Gresham, 61 Texas, 50. The plaintiff brought his case within the principle, both by his allegations and proof.

It is claimed by appellants, that appellee had lost his lien on the cotton received by them, because it had been removed from the rented premises more than a month before they were sued. It is true the petition in which they were joined in the suit was not filed until November 27, and the evidence showed that appellants had received all of the cotton before October 27. But the proceedings to pursue and subject the property were commenced by the suing out of the distress warrant, which was done on the 8th of November. This was sufficient to prevent the running of the period limited by the statute. The plaintiff in such a case is not

required to file his petition at the beginning of the proceeding, but may wait until the appearance day of the next term of the court to which the writ is made returnable.    And as the distress writ may be levied on the property wherever and in whatever hands it may be found, the suing of it out against the tenant is, in our judgment, all that the statute contemplates in order to prevent the loss of the lien by lapse of time. When the landlord pursues this course, and is prevented from reaching the property by the party who has converted it, he may properly join such party in his suit against the tenant, as has been done.    Templeman v. Gresham, supra.

It was not error to refuse the requested charge, that if the cotton was converted prior to October 27, plaintiff had lost his lien.

At the trial it appeared, that after the levy of the writ an agreement was made between the sheriff, the plaintiff, and Morgan that the crops should be left in the charge of the latter, and that he should gather them and deliver the cotton to the sheriff, to be shipped for plaintiff's account, and should deliver the corn to the plaintiff.    The property levied on was valued by the sheriff at $1046, and both Felder and Morgan, at the time of the levy, estimated it at considerably more than was received by plaintiff and applied on his debt.    There was evidence to the effect, that after the levy, and while Morgan had charge of the crops under the stated agreement, stock depredated upon and destroyed a portion of the corn, and that Morgan fed his stock from it.    The expense of gathering and selling was stated in the supplemental petition.

The appellants requested the following special charges, which were refused by the court, and none were given submitting to the jury the issues thus sought to be presented:

"If you believe from the evidence in this case, that under the distress warrant the sheriff of Wharton County, by his deputy, Hughes, seized and took into his possession personal property, viz., corn and cotton, of the defendant Morgan of sufficient value to pay said plaintiff's debt, and by the careless management or improper attention of said sheriff, or the party placed in charge of said property, the said property depreciated in value or was lost or destroyed, in whole or in part, then the plaintiff or said sheriff is chargeable with said loss, and defendants Taylor will be entitled to credit, if you find against them, on the amount so found for the value of such loss."

"When personal property, for instance, corn and cotton, seized under a writ issued for the purpose of collecting or securing the payment of money, is of sufficient value to discharge the claims sought to be collected or secured by such seizure, it is prima facie evidence of the satisfaction or payment of said claim; and the burden of proof is on the party seeking to avoid the said result of said seizure of said property to show that it was properly applied and did not discharge the debt; therefore, if you believe from the evidence that personal property of value sufficient to

have paid off and discharged said debt of plaintiff for rent was seized, then you will find that the same has been paid, unless the plaintiff has by the preponderance of evidence deemed by you to be credible shown that said property was not of value alleged in the return of seizure on said writ.''

In support of their contention that the refusal of these charges was error, appellants' counsel cite authorities as to the effect of the levy of an execution upon personal property which undoubtedly sustain, as the law applicable to such levies, the rule contained in the last of the above charges.　Freem. on Ex., 269, and authorities cited.

The same rule has been recognized by our Supreme Court.　Bryan v. Bridge, 10 Texas, 149; White v. Graves, 15 Texas, 187; Garner v. Cutler, 28 Texas, 178; Cornelius v. Burford, 28 Texas, 206, 207.

The rule, that a levy upon personal property operates as a satisfaction of the judgment, is said not to apply to levies under attachments, but only to those made by virtue of executions.　Drake on Attach., sec. 222; McBride v. Bank, 28 Barb., 476; Maxwell v. Stewart, 22 Wall., 77.　In the former case it is said: ''A seizure of personal property under an order of attachment issued during the pendency of an action is not necessarily a satisfaction of the judgment when afterwards obtained.　Such a seizure is made for the purposes of security, and if the property is retained in the possession of the sheriff, he will be held responsible for the exercise of ordinary care for its preservation.　If wasted, lost, or destroyed by his negligence, he must account; and the amount for which he is liable on such account will, when ascertained, be applied toward the satisfaction of any judgment that may have been obtained.　To that extent the plaintiff is made responsible for the sheriff; but such an application can only be made upon a proper showing by the defendant.　There is no presumption which throws the burden of proof upon the plaintiff.''

The opinion in the case of Heilbroner v. Douglass, 45 Texas, 406, might seem, at first sight, to give to levies under executions and attachments in this respect the same consequences; but that case in its facts falls within the decision from which the above quotation is taken, and is no more than an application of that rule.　The same observation is true of the decision in the case of Farrar v. Talley & Hester, 68 Texas, 352.

We think the rule laid down by the Supreme Court of the United States is the just one with reference to levies under attachments and other mesne process of similar character, including distress warrants; and we can not therefore hold that the second of the special charges above quoted should have been given, since it gave to the levy of the distress warrant the effect, prima facie, of a satisfaction of the debt, and put upon plaintiff the burthen of showing that the property had not been wasted, but properly preserved and applied.　The true rule required the defendants, if there had been waste or loss of the property through the improper action

or lack of due care on the part of the plaintiff or the sheriff, to have developed the facts which entitled them to a satisfaction or reduction of the plaintiff's claim.

As we have stated, there was evidence which tended to show negligence and waste in the management of the property, and the first of the requested charges sought in a proper manner the submission of this issue to the jury, and should have been given if the appellants were in an attitude to invoke the rule there stated.

As before seen, the defendant Morgan was a party to the agreement by which the property was left in his care, and if there was waste of it, he was responsible for it. He can not take benefit from his own dereliction, and is not entitled to any reduction of his debt because of any failure to realize the full value of the property seized.

With appellants it is otherwise. They were not parties to the agreement, and were in no way responsible for the manner in which the property was dealt with after the levy. No right of theirs can be taken away by an agreement to which they were not parties, nor by conduct of others in which they did not participate.

By their purchase of the cotton they acquired all the rights of the tenant therein; and when sued by the landlord for the value of such cotton, they could properly make any defense which the tenant could have made, unembarrassed by the agreement and conduct of the latter subsequent to such purchase. They held the cotton which they bought subject to the landlord's lien, and had he proceeded directly against them for its value in order to satisfy his claim for rent and advances, without pursuing other property of the tenant, they could not have required him to exhaust the property remaining in the hands of the tenant subject to his lien before reaching the fund held by them. Wilkes v. Alder, 68 Texas, 690.

They acquired no right to make such a defense by their purchase from the tenant, because the latter had not such right. The landlord, having a lien on all of the property, could not have been forced either by the tenant or a purchaser from him to select one class of property rather than another out of which to seek satisfaction. But when the landlord actually levied upon property of the tenant, he was bound to see that it was properly handled and realized; and if any loss occurred, either through his own negligence or that of the sheriff, the tenant, but for the fact that he was precluded by his own conduct from claiming it, would have been entitled, upon showing the facts, to have his debt credited with the amount of such loss.

In such a proceeding it is the duty of the plaintiff to the defendant to see that the property levied upon is properly treated and applied to the discharge of the debt; and a like duty extends to any third party who has bought from the tenant property charged with plaintiff's lien, which he seeks to subject to his debt. He can not free himself from this duty

to third persons by an agreement with the defendant in the writ. The tenant may preclude himself from complaining, but can not preclude third persons, by his conduct transpiring after their rights have grown up.

The plaintiff has no more right to allow the defendant to waste the property to the prejudice of those whom he knows to have acquired the defendant's rights, than to allow such waste to be done by the sheriff or others to the prejudice of the defendant.

The first of the charges quoted above should have been given.

The other alleged errors are not likely to occur at another trial.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 12, 1893.

## ON MOTION FOR REHEARING.

WILLIAMS, ASSOCIATE JUSTICE.—The judgment in this case was reversed because of the refusal of the court to give a special charge instructing the jury as to the consequences of a waste of the property levied on under the distress warrant, by the sheriff or others under his or the plaintiff's authority. The motion for rehearing has pointed out the fact, not before mentioned by either party, that the answer of the defendant presents no such defense. Under the rule laid down, the burden was on the defendants to allege and prove the waste or mismanagement of the property; and as they failed to do so, it would be proper to grant the rehearing and affirm the judgment, were there no other errors requiring a reversal.

Some of the points raised by the brief of the appellants were not passed upon in the former opinion, as the errors complained of would not likely occur on another trial. But it now becomes necessary to decide them, in order to determine what disposition this court will make of the case.

The admission of parol evidence of the contract between Felder and Morgan, which was shown to be in writing, was erroneous. The instrument itself was the proper evidence of what the agreement was. The court had excluded that when offered by the plaintiff, because it was not set out in the petition, and appellees contend that this ruling was error, and that as the parol evidence showed no more than did the written contract, which appears in the record, the judgment should not be reversed because of the admission of such parol evidence. It is unnecessary to examine the merits of this contention, as the charge of the court seems to have rendered harmless the ruling here complained of by appellant. The only purpose of such evidence was to show an agreement between Felder and Morgan, that the former should have a lien upon the crops raised by subtenants to whom Morgan might rent the premises, and to thus charge

with a lien the property received by the Taylors from such subtenants. The court required the jury, in finding the value of the property received by the Taylors, to exclude such as had been received by them from subtenants, and it thus appears that the ruling upon the evidence could not have prejudiced them. It will be safer for plaintiff, if he seeks to reach cotton delivered to defendants Taylors by subtenants, to set out in his pleadings the facts upon which such lien must depend.

The contention of appellants, that the verdict was erroneous as to amount, and that the remittitur did not cure the error, is, in our opinion, well taken.

The court submitted only two special issues to the jury; the first as to the value of the cotton received by the Taylors from Morgan, and the second as to the net proceeds of the property seized under the distress warrant. The purpose of this was, we assume, to enable the court to get at the amount remaining due on plaintiff's debt, by deducting from the sum originally owing by Morgan the amount realized from the property levied on, and to adjudge such sum against the Taylors, if they were found to have received enough cotton to make them liable for it. No finding by the jury of the debt still due from Morgan to Felder was required by the charge.

The jury found the value of the cotton received by the Taylors to have been $690, and the proceeds of the property levied on to have been $276.23. They added a general finding for plaintiff for $276.23. This general finding the court ignored, and entered judgment for plaintiff for $296.73, which was arrived at, probably, by deducting the $276.23 found by the jury from the amount calculated to be due on the debt from Morgan. That was not the true amount received for property levied on, for plaintiff admitted in his pleadings that it amounted to $290.16, and the evidence showed an additional item of $20.50, making the total realized from the property seized $310.66. When this was pointed out in the motion for new trial, the plaintiff remitted $20.50. But according to the theory by which this judgment was arrived at, this was not enough. There should have been an additional deduction of $13 93, or the difference between $276.23 and $290.16.

This court, from the data in the record, could doubtless make up a correct judgment. To make it proper for us to do this, however, the basis should be furnished by the findings of the jury. When the jury passes upon the issues and makes findings sufficient to base a judgment upon, errors they may have committed in finding too large an amount may be cured by a remittitur, if the record enables the court to see with certainty what sum should be deducted. But we can not render a judgment here without finding facts which the jury ought to have found, but did not find. There was evidently a misconception by them of the issue

submitted, and by "net proceeds" they meant to find the balance due the plaintiff. But no issue as to the debt due to plaintiff was submitted to them, and the court rejected the general findings for plaintiff, and attempted to enter a judgment upon the special findings. This judgment is found to be too large, and in reversing it we can not, without trying the case where the parties have chosen to try it by a jury, render a judgment. There should have been either a general finding of the amount due the plaintiff, or special findings of the facts from which that amount could be arrived at by the calculation. Then any mistake the jury may have made in finding an excessive amount could be cured by a remittitur. The plaintiff's debt was not due entirely upon a written contract, and the defendants had the right to a finding by the jury fixing the amount of it. Without substituting ourselves for a jury, we can not supply the facts which should have been ascertained by the verdict; and as the judgment rendered, when tested by the verdict and the evidence, is erroneous, our former judgment reversing the cause must stand.

The motion is overruled.

*Motion overruled.*

Delivered December 7, 1893.