## W. K. BELL v. BRADY BROWN.

### No. 1960.

**1. Appeal from Justice Court—Amount of Appeal Bond—Costs Included.**

In an appeal from the Justice Court, the appeal bond must be in double the amount of the judgment, inclusive of costs, since such costs properly form a part of the judgment. Colorado County v. Delaney, 54 Texas, 280, not followed.

**2. Same—Practice—Dismissal of Appeal.**

Where the transcript on appeal from the Justice Court to the County Court was filed after the first day of the term, it was proper for the County Court at any time thereafter, upon notice to the opposite party, to dismiss the appeal for want of jurisdiction, without waiting until the term at which the case could be tried.

Appeal from the County Court of Palo Pinto. Tried below before Hon. W. G. Newbrough.

*Wallace & Wallace,* for appellant.

No brief for appellee reached the Reporter.

An oral opinion was delivered on the former hearing of this case.

### ON MOTION FOR REHEARING.

STEPHENS, Associate Justice.—In refusing the rehearing sought in this case, it is deemed proper, in view of the apparently conflicting decisions upon the question of practice involved, to state our conclusions in writing. That question is, whether the amount of the costs is to be added to the amount of the debt or damage recovered in the Justice Court in fixing the amount of the appeal bond?

The statute requires the bond to be in double the amount of the judgment. It was held in Colorado County v. Delaney, 54 Texas, 280, that by the amount of the judgment was meant the amount recovered exclusive of costs. In Owens v. Levy, 1 W. & W. C. C., sec. 409, the Court of Appeals expressed a different opinion, holding that the construction given the statute in Colorado Co. v. Delaney would cut off the right of appeal in all cases in the Justice Court where the plaintiff fails to recover and is adjudged to pay the costs.

This decision was cited by counsel and apparently followed by the Supreme Court in Ross v. Williams, 78 Texas, 371. True, in both these cases the only amount recovered was for costs, but the principle must be the same. It cannot with any show of reason be contended that the costs alone should determine the amount of the judgment in one case, and be entirely ignored in another. The statute makes no such distinction, but requires the appeal bond to be in double the "amount of the judgment" in all cases alike; and also expressly provides that the judgment entry shall include as a part thereof the disposition of the costs. Rev. Stats., arts. 1613, 1639.

We think the Court of Appeals placed the proper construction on the statute, and that the case of Colorado County v. Delaney, supra, and any others following it, should no longer be recognized as authority. The action of the County Court, therefore, in this case, in dismissing the appeal because the amount of the bond was only double the sum recovered in the justice court exclusive of costs, was proper.

It is strenuously insisted, however, that the court had no right to act on the motion to dismiss till the term at which the case could have been tried. The transcript was filed after the first day of the term at which the appeal was dismissed, but the appellant was notified and resisted the motion. We are of opinion that a court may at any time, upon notice to the opposite party, dismiss a case for want of jurisdiction. Such action is not in any sense a trial of the case, but a refusal to permit it

to remain on the docket for trial. A defeated litigant should not be permitted to obtain a stay of execution without the execution of a sufficient appeal bond, in order that he may have a trial of a case which must be dismissed when it is reached.

Motion overruled.                                              *Overruled.*

Delivered December 6, 1895.