## W. E. COBB v. A. W. BARBER ET AL.

### No. 716. Decided November 28, 1898.

**1. Joinder of Actions—Conversion of Mortgaged Property.**

Plaintiff suing defendant in the county of his residence upon a note secured by lien on personal property, could properly join as defendants residents of another county, not parties to the note, who were alleged to have taken and converted the mortgaged property, though they were not charged to have acted with their codefendant in so doing and no foreclosure of the lien was sought. (Pp. 311, 312.)

**2. Same—Plea of Privilege.**

Such suit was properly brought against the parties charged with the conversion in the county where their codefendant, who was liable only on the note, resided. (P. 312.)

QUESTIONS CERTIFIED by the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

*J. H. Barwise, Jr.*, for appellant.—Under the liberal system of procedure recognized by the law of this State, the cardinal principle governing the question of the joinder of causes of action and of parties is the rule of equity pleading directed against a multiplicity of suits applied within reasonable limits. The appellant's petition not showing a demand of a separate and independant nature against the defendants, Cooper and Campbell, they were not improperly sued with Barber. Clegg v. Varnell, 18 Texas, 302; Milliken v. Callahan County, 69 Texas, 209; Faubion v. Rogers, 66 Texas, 475.

In an action against one defendant or debt which is secured by a lien upon particular personal property where the property or its proceeds is sought to be subjected to the discharge of the debt, other defendants may properly be joined in the same suit for a conversion of the property upon which the lien existed. Damages for the conversion of the mortgaged property is properly joined with an action for the debt and foreclosure of the lien. Bank v. Investment Co., 74 Texas, 433; Oxsheer v. Watt, 42 S. W. Rep., 121; Templeman v. Gresham, 61 Texas, 53; Boydston v. Morris, 71 Texas, 697; Williams v. Beasley, 25 S. W. Rep., 321.

If the residence of one of several defendants who are properly joined in an action be in the county where such action is instituted, then such residence of such one defendant will carry jurisdiction as to other defendants nonresidents of such county. Rev. Stats., art. 1194, sec. 4; Mathonican v. Scott & Baldwin, 87 Texas, 398; Railway v. Mangum, 68 Texas, 346; Oxsheer v. Watt, 42 S. W. Rep., 121; Brigham v. Thompson, 34 S. W. Rep., 358; Kelly v. Boettcher, 85 Fed. Rep., 55.

*Graham & Turner*, for appellees Campbell and Cooper.—Counsel for appellant has shown a commendable zeal in the number of authorities cited by him, but there are still two very important decisions which seem to have escaped his diligent search, and these two cases, in our opinion, settle the questions in this case so that nothing is left to con-

jecture. These are the first two cases cited hereunder. We trust the court will carefully compare them with the case at bar, and they present our arguments so much better than we can write them, that we leave them with the court, together with a few other authorities, as follows: Bank v. East, 43 S. W. Rep., 558; Gresham v. Welsh, 41 S. W. Rep., 667; Stewart v. Gordon, 65 Texas, 344; Thompson v. Bank, 113 N. Y., 325; Clapp v. Campbell, 124 Mass., 50.

GAINES, Chief Justice.—In this case the Court of Civil Appeals for the Fifth Supreme Judicial District has certified the following statement:

"The petition of the plaintiff, W. E. Cobb, alleged that A. W. Barber made, executed, and delivered his certain promissory note for $950, on which plaintiff became liable as surety; that upon maturity of the note, he, as surety, paid it off and the note was transferred to him. Plaintiff further alleged, that at the time of the execution of said note, A. W. Barber made, executed, and delivered to H. M. Pollard, as trustee, a chattel mortgage, whereby he conveyed to said Pollard as security for the payment of said note, certain cattle, a description of which is particularly set out in the petition, said cattle being in Potter County, Texas. It alleges the recording of the deed of trust, and that upon the maturity of the note all the cattle but fifty head were sold to pay off a prior lien thereon; and that the proceeds of the same were only sufficient to pay off the prior lien, leaving the fifty head of cattle undisposed of as the only security for plaintiff's note. The petition contains the following allegations relating to the defendants J. I. Campbell and J. M. Cooper, to wit: 'Plaintiff further shows that afterwards, on or about the 18th day of May, 1895, the defendants, J. I. Campbell and J. M. Cooper, in total disregard of plaintiff's lien upon said fifty head of cattle, seized and converted the same to their own use and benefit. That said cattle were at said time of the value of $30 per head, and of the aggregate value of $1500, whereby plaintiff was damaged in the sum of $1500.' The petition alleged that the residence of Campbell and Cooper was in Randall County, Texas, and that the cattle were in Potter County, Texas.

"This suit was instituted in Dallas County, Texas, against A. W. Barber, J. I. Campbell, and J. M. Cooper. The defendant Barber, the maker of the note, is alleged to be a citizen of Dallas County, Texas.

"The plaintiff W. E. Cobb is a citizen of Wichita County, Texas.

"The petition does not allege that Campbell and Cooper, or either of them, are liable upon the note, nor that Barber acted with them in the alleged conversion, and does not pray for a joint judgment against all the defendants on either of the causes of action, but prays for judgment against Barber for the amount of the note, principal, interest, attorneys' fees, and costs, and against the defendants Campbell and Cooper for damages for the conversion of the cattle and costs of suit. No foreclosure was sought in the suit.

"The defendants Campbell and Cooper filed a special exception to the

petition, to the effect that under the facts as set out in the petition there was a misjoinder of parties and causes of action, and that the District Court of Dallas County had no jurisdiction as to them, and asked that they be dismissed from the suit."

Upon the statement so made the court have predicated the following questions:

"Question 1. There being no allegation of joint liability of Campbell and Cooper with Barber upon the note sued upon, and no allegation that Barber acted with Campbell and Cooper in the conversion of the cattle, and no prayer for a foreclosure of a lien upon the cattle, was there a misjoinder of causes of action or parties?

"Question 2. It not being alleged that Campbell and Cooper were liable for the debt alleged against Barber, nor that Barber acted with them in the conversion, and foreclosure not being sought in this suit, did the fact that Barber resided in Dallas County give jurisdiction to the court in Dallas County over Campbell and Cooper, who resided in Randall County, and pleaded their privilege to be sued in the county of their residence?"

1. If the cattle which were mortgaged were still in existence and were in possession of Campbell and Cooper, and if they were asserting some claim to them, and if this were a suit to foreclose the mortgage, it is clear that they would be proper parties to the action. On the other hand, if the mortgagor had sold the mortgaged property to the defendants named above and they had converted it, the suit for the conversion being a tort, could not at common law be joined with the action to recover of the mortgagor the debt secured by the mortgage. Whether in such a case the joinder of the two causes of action would be permitted under the practice which prevails in our courts, may be doubted. But that is not precisely the question certified and it need not be determined. Here the allegation is that the defendants have converted the property to their own use. It is not alleged that the mortgagor had in any manner parted with his title or equity of redemption in the cattle. Under the facts as pleaded, he has an interest in the damages resulting from the conversion to the full extent of the value of the cattle; for although he had not paid the debt, it is to his interest that the damages should go to its extinguishment. If the damages should exceed that debt (a fact which he might assert as defendant in the action), he would be entitled to recover the excess. Had he brought a suit to recover damages for the conversion of the property, the plaintiff in this case would have been a proper and probably a necessary party—for the latter would have been entitled to so much of the recovery as was necessary to discharge the debt owed him by the mortgagor. If the plaintiff had sued Campbell and Cooper without joining Barber, under our practice the defendants in that suit would have been entitled, upon proper averments, to have the latter made a party, to the end that they might be protected from the hazard of a double recovery. If such be the law, clearly the plaintiff was not required

to pursue the course and to subject himself to the delay that might have resulted from bringing in a new party. Our system does not favor the bringing of a multiplicity of suits, and therefore permits all causes of action growing out of the same transaction to be joined, and all interests in the same property or fund to be litigated and the equities of the parties adjusted in the same suit. We answer the first question in the negative.

2. It follows as a corollary from what has been said that all the defendants in this suit are proper parties to it. It is not the duty of a plaintiff to sue those who are proper but not necessary parties to it; but it is his right to do so. If rightfully defendants, the suit in a case of this character may be brought in any county in which either of the defendants resides. We answer the second question in the affirmative.