MAMIE CARDWELL v. J. R. MASTERSON ET AL.

Decided January 23, 1902.

**1.—Parties—Joinder—Venue—Landlord's Lien—Foreclosure—Conversion.**

In an action against a tenant for rent and foreclosure of a landlord's lien on a crop, a junior mortgagee who had converted the property by virtue of a lien given by the tenant was properly joined as a party over his plea of privilege to be sued in the county of his residence. Rev. Stats., art. 1194, subdiv. 4.

**2.—Same—Pleading—Mortgage.**

Where, in an action to foreclose a lien, junior mortgagees of the property are joined as parties, it is sufficient for plaintiff to allege that the latter are asserting a lien against the property, without averment that the mortgage was valid, or was delivered and registered.

**3.—Same—Allegation of Possession and Conversion.**

So, an allegation that the junior mortgagees are in possession of and have converted a part of the property, was sufficient to show that they were properly joined as parties defendant in the suit, though residing in another county.

**4.—Same—Joinder of Contract and Tort—Foreclosure.**

The technical common law rule that a suit for tort can not be joined with

one upon contract has, under our system, no application to a case of this character, and it is held immaterial whether in this action plaintiff's petition was sufficient to sustain a judgment of foreclosure or not.

Appeal from Wharton. Tried below before Hon. Wells Thompson.

*G. G. Kelley,* for appellant.

*Terry, Ballinger, Smith & Cavin,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by appellants, Mamie and Estelle Cardwell, in the District Court of Wharton County, against J. R. Masterson, Jr., who then resided in Wharton County, and G. H. and W. E. Mensing, composing the firm of Mensing Bros. & Co., residents of Galveston County.

The suit as against Masterson was for the purpose of recovering $1200 (less certain credits) as rent of the Cardwell plantation in Wharton County for the year 1897, and to foreclose the landlord's lien upon the crops raised thereon during that year by Masterson, who was the lessee.

The members of the firm of Mensing Bros. & Co. were made parties defendant under an allegation that they were holders of a mortgage from Masterson on 150 bales of cotton to be raised on the Cardwell plantation during the year named; that the mortgage lien was junior to and subject to the landlord's lien sought to be foreclosed; that 41 bales of cotton had been delivered to them by Masterson at Galveston, Texas; that they had refused to point out the 41 bales of cotton to plaintiffs and had converted it to their own use. Judgment for the value of the 41 bales was sought as against them.

Masterson did not answer but made default. Mensing Bros. & Co. interposed a plea of personal privilege setting up their right to be sued in Galveston County, alleging that they were improperly joined as defendants in the suit against Masterson; that the action against them was one of tort, whereas the suit against Masterson was for breach of contract, and that the petition presented a misjoinder of causes of action.

The same questions were made by exceptions to the petition, the latter disclosing the residence of the parties and their relation to plaintiffs' claim and the property against which the lien was asserted. The court sustained the plea of privilege and dismissed the suit as against Mensing Bros. & Co., but rendered judgment against Masterson for the debt and foreclosed the landlord's lien upon all the crops raised upon the plantation for the year 1897.

From the judgment of dismissal plaintiffs have appealed.

By the petition it was alleged in substance that the Cardwell plantation was leased to Masterson for the year 1897 and that he entered thereon and raised crops. That by reason of the lease plaintiffs had a landlord's lien on all the crops so raised for the payment of the rent. That in February of that year Masterson executed and delivered to Mensing Bros. & Co. a mortgage on 150 bales of the cotton to be raised

on the premises for that year. That at various times in the fall of 1897 Masterson shipped to Mensing Bros. & Co. at Galveston certain bales of cotton covered by the landlord's lien, the number shipped aggregating 41 bales. That Mensing Bros. & Co. had refused the demand of plaintiffs to point out the 41 bales so received by them and had converted them to their own use. The value was alleged and judgment prayed therefor. The action of the court in dismissing the cause as to the Mensings is assigned as error.

Appellees contend that the action of the court is correct: (1) Because the suit as against them is one of tort, whereas the suit against Masterson is on contract, and the two can not be joined. (2) The petition fairly construed alleges that Masterson in shipping the cotton to the Mensings parted with all interest therein and the joint suit can not be maintained unless he retained some interest in the cotton shipped, so that he would have an interest in the application of the amount which might be recovered against the Mensings. (3) Because the allegation that the Mensings were junior lienholders under the alleged mortgage is insufficient to hold them, because it is not alleged the mortgage was duly delivered and placed of record.

The right of appellants to join the appellees in the suit against Masterson depends upon whether the appellees were in any event proper or necessary parties to that suit, for it is conceded that they did not reside in Wharton County, and no other fact exists which would authorize the suit against them in a court other than that of their residence.

One having a cause of action against several defendants residing in different counties may bring his suit in the county where any one of them resides. Rev. Stats., art. 1194, subdiv. 4. It has been held that in such case the defendant in whose county the suit is brought must be not only a proper but a necessary party to the suit. Chaison v. Beauchamp, 33 S. W. Rep., 303.

In Railway v. Mangum, 68 Texas, 342, it is held that the defendant residing in the county in which the suit is brought must be either a necessary or a proper party defendant, but in the case last cited the court was not called on to make the distinction. However this may be, it can not be doubted that in the case before us Masterson was the principal defendant and a party absolutely necessary to the suit for debt and foreclosure. If then the Mensings were either necessary or proper parties to the original suit, the trial court erred in dismissing the case.

That junior lienholders and those claiming an interest in the property covered by the lien may be joined in the foreclosure suit is well settled and is not questioned by the appellees.

The appellants alleged that the Mensings were junior mortgagees. So upon this ground alone they should have been held in the suit. But appellees contend that the appellants did not allege that they had a valid mortgage. This contention is based upon the absence of allegations that the mortgage was delivered and registered. We are of opinion

this contention is unsound. It was not necessary that appellants should allege that appellees were claiming under a valid mortgage. It was enough to aver that they were asserting a mortgage lien which appellants wished to preclude or adjust by the judgment.

But if the allegations as to the mortgage should be held insufficient, they were nevertheless properly joined as defendants in the suit on the allegation of possession and conversion of a part of the property covered by the lien. The fact that the cause of action against Masterson was for breach of contract and that against appellees sounded in tort does not render this holding unsound.

Had the conversion been subversive of the rights of both the appellants and Masterson the suit as against appellees would have been none the less one of tort, and yet it is well settled that in such case the appellees could have been properly joined. Cobb v. Barber, 92 Texas, 309.

It is reasoned that the mortgagor has an interest in the property converted which would authorize an action in his own behalf. That he is also interested in seeing that the proceeds are applied to the extinguishment of the debt, and the fact that the party charged with conversion would have the right, if separately sued by the mortgagee, to have the mortgagor made a party in order that he may be protected against a double recovery, is also given controlling weight.

While in Cobb v. Barber, supra, a doubt is expressed as to whether the party charged with conversion could be properly joined in a case where the mortgagor is alleged to have parted with his entire interest, the question is not decided, and it seems to us that the reasons controlling in the one case apply with equal force in the other.

In the case before us the appellees had an interest in the result of the controversy between appellants and Masterson. If the debt for the payment of which the lien existed had been discharged or reduced the fact was useful to their protection. If the crops not affected by the conversion were sufficient to discharge the lien the question could be best adjudicated with all parties before the court, thus avoiding a multiplicity of suits.

As said by Chief Justice James in Parlin & Orendorff v. Miller, 60 Southwestern Reporter, 881: "But properly considered, appellants' liability is not distinct from the debt, but depends upon and grows out of it. It is only by reason of the debt that the mortgagee can pursue the purchaser of mortgaged property. Such a purchaser with notice who destroys the subject of the mortgage becomes liable to the mortgagee for the value of the property to the extent of the debt. Looking to the substance instead of the form the consequence of such an act is to make him liable for the debt pro tanto."

To join such parties in foreclosure suits seems to have been the uniform practice, and while the exact question does not seem to have been decided, we think the cases above cited and those cited below fairly indicate the trend of judicial opinion. Tenpleman v. Gresham, 61 Texas,

50; Taylor v. Felder, 23 S. W. Rep., 480; Zapp v. Johnson, 87 Texas, 641.

Appellees have cited no case in point, and we are of opinion that those cited holding that suits sounding in contract can not be joined with those sounding in tort ought not to control in determining the question before us. The rule is not absolute and is subject to many exceptions.

Thus a suit upon contract may be joined with a suit for damages growing out of a tort when the tort grew out of the breach of the contract.

The right of appellants to maintain the suit for conversion in Wharton County depending on whether appellees were proper parties to the foreclosure proceeding, and we being of opinion that they were, it follows that the judgment of dismissal must be reversed and the cause remanded and it is so ordered.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

We have carefully considered the motion for rehearing, but have found no reason to change our views. Counsel for appellees call our attention to the part of the opinion in which the cases of Chaison v. Beauchamp, 12 Texas Civil Appeals, 112, and Railway v. Mangum, 68 Texas, 342, are referred to, and complain that the meaning of the court is not plain. It may be that the writer was not fortunate in his effort to make his meaning clear.

In Chaison v. Beauchamp, supra, it is said: "* * * To authorize a suit against a defendant in a county other than the one in which he has his domicile, * * * his codefendant must be a necessary as well as a proper party." A closer inspection of the case shows that the point was not up for decision, as it was correctly held that the party urging the plea of privilege was not even a proper party to the suit. Halloway v. Blum, 60 Texas, 625, is cited in support of the proposition, but in that case the parties complaining were also held not to be proper parties.

In Railway v. Mangum, supra, it is declared that such a defendant must either be a necessary or a proper party, but the court was not called on to make the distinction. Now we meant to say in the main opinion that for the purposes of this case it was immaterial which statement of the rule was correct. Masterson being the main party to the suit and residing in the county of the former when the suit was brought, satisfied the rule as more strictly stated in the case first cited. But it is contended that while Masterson was a necessary party to the suit for debt and foreclosure he was not a necessary party to the suit for conversion.

In Cobb v. Barber, 92 Texas, 309, the suit was against the maker of a note secured by a lien on cattle, but no foreclosure was asked. Certain parties were made defendants under allegations that they had converted

property covered by the lien given to secure the note, and judgment was asked against them for the value of the converted property. They resided in another county and made the same question as to venue and misjoinder as is made here. Whether the debtor had parted with his interest in the converted property was not alleged. The court held that they were properly joined and that the plea to the venue should have been overruled. We understand, of course, that appellees undertake to distinguish this case from that on the ground that it is a fair inference from the allegations here that Masterson had parted with his interest in the cotton alleged to have been converted. This question was left open in Cobb's case, supra, but we decided it on appellee's construction of the pleadings and still think our conclusion correct.

The vice in appellees' position is the assumption that the suit for conversion can not be joined with a suit on the debt, losing sight of the fact that the latter is the basis of the lien which gives the plaintiff the right to maintain the action for conversion.

In Cobb's case, supra, on which appellees rely, the suit was so joined. In the case cited Justice Brown says: "Our system does not favor the bringing of a multiplicity of suits, and therefore permits all causes of action growing out of the same transaction to be joined and all interests in the same property or fund to be litigated and the equities of the parties adjusted in the same suit." It is apparent that an application of this rule to the case at hand would further this policy of the law. It may safely be said that a fair construction of the pleadings authorizes the inference that Masterson delivered the cotton to the appellants to go as a credit upon the second mortgage and that appellants so received it. If the first lien had been satisfied or if the debt did not in fact exist, appellees had no cause of action. These questions could be properly litigated only in a suit to which Masterson was a party. But they were also necessarily involved in the suit for conversion. If the debt was less than the value of the converted property the recovery against appellants could not exceed the debt. If it was more than the value of the property the recovery could not exceed the property. In this view of the case we were struck with the force of Judge James' remarks quoted at length in the main opinion.

If the property was in the hands of appellants without the assent of Masterson it would amount to a technical conversion, and both he and the lienholders might so treat it. They might also proceed against the property itself. But it is apparent that the actual difference between a proceeding against the property in the hands of appellants and an action for its conversion is so slight that their attitude toward the parties and the actual result is practically the same. Yet if the cotton was existent and in the hands of appellants, and they were asserting a claim thereto, the right of appellees to join them in this suit could not be questioned. We do not think the technical common law rule that a suit for tort can not be joined with a suit upon contract has under our system any application to cases of this sort.

In this view of the case and in the light of the case of Cobb v. Barber, supra, we regard it as immaterial whether the petition is sufficient to sustain a judgment for foreclosure or not.

The motion is overruled.

*Overruled.*

Writ of error refused.