BRANT v. LANE et al.

(Court of Civil Appeals of Texas. Ft. Worth. March 13, 1909.)

On motion for rehearing. Overruled.

For former opinion, see 118 S. W. 229.

CONNER, C. J. We think this case distinguishable from the cases of Cardwell v. Masterson, 27 Tex. Civ. App. 591, 66 S. W. 1121, and Cobb v. Barber, 92 Tex. 309, 47 S. W. 963, so earnestly urged upon us in the motion for rehearing. The case first named was a suit by a landlord against a tenant to foreclose the landlord's lien, and against certain parties claiming as mortgagees under a mortgage from the tenant, for conversion of the property subject to the lien, and it was held that the suit against the parties converting the property, residing elsewhere, could be maintained in the county of the tenant's residence. The latter case was similar in its facts to the first, save that the plaintiff did not seek a foreclosure of the lien he asserted. But in disposing of the case the Supreme Court said: "It is not alleged that the mortgagor had in any manner parted with his title or equity of redemption in the cattle. Under the facts as pleaded, he has an interest in the damages resulting from the conversion to the full extent of the value of the cattle; for, although he had not paid the debt, it is to his interest that the damages should go to its extinguishment," etc. It was, hence, held that the parties charged with the conversion could be sued in the county of the debtor's residence, notwithstanding they resided elsewhere.

In the case before us, however, if we were correct in holding that the title to the mules alleged to have been converted by the defendants in error passed to plaintiff in error at the trustee's sale discussed in our original opinion (and this position is not assailed in the motion for rehearing), then Lane thereafter had no interest or equity in the property, and plaintiff in error, having title, was without any lien. Moreover, in this case there is a judgment in favor of a special plea, which not only alleges that plaintiff in error was without lien, but also distinctly charges that "the defendant Lane is only sued herein for the sole and simple purpose of attempting to give this court jurisdiction over the persons of defendants Mathie D. Rhoades and J. W. Webb." At best, therefore, plaintiff's cause of action against Lane was for a balance due on a contract, Lane's note, and against Webb and Rhoades for conversion, a tort. The two cannot be properly joined at common law, as plainly indicated in the Cobb v. Barber case relied upon.

We think the motion for rehearing must be overruled.